**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Thaiwin Eugene REID, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 31, 2004.

Filed Jan. 31, 2005.

Bradley A. Winnick, Dillsburg, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: HUDOCK and KLEIN, JJ. and McEWEN, P.J.E.

OPINION BY HUDOCK, J.:

¶ 1 This is a direct appeal from the judgment of sentence entered after Appellant pled *nolo contendere* to criminal attempt (homicide) [1]. We affirm.

¶ 2 Shortly before 8:00 on the morning of December 6, 2002, the victim received a telephone call which she did not answer because she was busy with other matters. Not long thereafter, Appellant entered the victim's residence. Upon discovering the victim at home, Appellant stabbed her eleven times with a knife before slashing her neck. The victim endured several surgeries and remained under treatment at the time of Appellant's plea colloquy. Trial Court Opinion, 3/8/04, at 3; N.T, 10/23/03, at 4.

¶ 3 The victim told the police that she was assaulted by the same man "as [the] last time." Trial Court Opinion, 3/8/04, at 4 n. 1. The investigating officer observed footprints in the snow leading from the victim's home and followed them to a nearby residence occupied by Appellant. Thereafter, the victim was shown a photographic array containing Appellant's picture and identified him as the perpetrator of the attack. Appellant subsequently was charged with criminal attempt (homicide), aggravated assault, burglary and two

---

1. 18 Pa.C.S.A. § 901.

counts of criminal trespass. At the time of his arrest, Appellant was in possession of a cellular telephone. The call records indicated that this telephone had been used to make a call to the victim's residence at 7:58 on the morning of the assault. Furthermore, a neighbor reported seeing Appellant in the vicinity of the victim's home around the time of the attack.

¶ 4 On October 23, 2003, Appellant entered into a negotiated plea agreement that left the sentence to the discretion of the trial court. In exchange for Appellant's plea of *nolo contendere* to one count of criminal attempt (homicide), the Commonwealth agreed not to pursue the other charges stemming from the assault on the victim in this case. The Commonwealth also agreed to accept this plea "in satisfaction" of charges pending at three additional docket numbers. After conducting a colloquy, the trial court accepted Appellant's *nolo* plea in satisfaction of all docket numbers and ordered a pre-sentence report. N.T., 10/23/03, at 7. A sentencing hearing was held December 16, 2003, at which the trial court ordered Appellant to pay restitution and to serve eighteen to forty years of imprisonment. Appellant filed a motion to modify sentence, which was denied. Appellant's timely notice of appeal followed. The trial court directed Appellant to file a Rule 1925(b) statement, and he complied.

¶ 5 This appeal presents one issue, that the sentence imposed was illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in that Appellant was not apprised that the Commonwealth asserted that the victim suffered "serious bodily injury," a fact that must be proven before a maximum sentence of forty years may be imposed for attempted homicide. Appellant does not argue that his plea was uninformed, involuntary or unknowing nor does he contend that the Commonwealth failed to honor the terms of the negotiated plea agreement. Rather, he claims that he did not realize he was pleading to a charge of attempted criminal homicide predicated on the infliction of serious bodily injury.

¶ 6 Appellant argues that, pursuant to section 1102 of the Crimes Code, a maximum sentence of forty years may be imposed for attempt to commit homicide only if the victim has suffered "serious bodily injury." We agree with Appellant that the sentencing statute so provides:

> [A] person who has been convicted of attempt, solicitation or conspiracy to commit murder or murder of an unborn child where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c). However, we cannot agree with Appellant's claim that, in this case, the sentence imposed was illegal under *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on the grounds that (1) a jury did not make the factual determination that the victim suffered serious bodily injury, (2) the information filed by the Commonwealth did not explicitly state that the victim suffered "serious bodily injury" using those precise words, and (3) the Commonwealth failed to apprise Appellant that it was asserting that the victim suffered serious bodily injury thereby implicating a maximum term of imprisonment of forty years.

¶ 7 *Apprendi* stands for the proposition that any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Commonwealth v. Williams,* 574 Pa. 487, 498, 832 A.2d 962, 968 (2003). Recently, in

*Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court clarified its holding in *Apprendi* by indicating that, at sentencing, the trial court may not make judicial determinations concerning material facts not charged and never placed before the factfinder. This Court recently noted that *Apprendi* does **not** suggest that it is impermissible for a trial judge to impose sentence **within** the applicable statutory maximum. *Commonwealth v. Bromley,* 2004 PA Super 422, 6, 862 A.2d 598 (filed October 29, 2004) (quoting *Apprendi,* 530 U.S. at 481, 120 S.Ct. 2348). We also noted that it is inconsistent with the federal constitution for a sentencing court to impose a sentence predicated on facts not found by a jury, when a jury trial has been conducted in the matter. *Bromley,* 2004 PA Super 422 at 9, 862 A.2d 598 (quoting *Blakely,* —— U.S. at ——, 124 S.Ct. at 2540).

¶ 8 In the present case, there was no jury trial and no facts ever were placed before a jury. Instead, after the prosecutor read the facts that would be proven to a jury, Appellant elected to enter a plea of *nolo contendere* to one count of attempted homicide graded as a felony of the first degree. N.T., 10/23/03, at 5–7. The prosecutor explained the plea bargain to the trial court as comprising a *nolo* plea to one count of attempted criminal homicide graded as a "felony of the first degree" carrying a maximum penalty of forty years and a $50,000.00 fine. *Id.* at 3. The Commonwealth agreed to accept this plea "in satisfaction to all charges" filed at four separate docket numbers.[2] Upon the trial court's request, the prosecutor explained

the facts that would be proved if the matter proceeded to trial. In pertinent part, the prosecutor stated:

On December 6th of 2002, at around 7:58 a.m., [the victim] was at her residence in Middlesex township, which is located in a trailer park in the township. She received—or heard her telephone ring, was engaged in other activities in the house and didn't pick up the phone.

Very shortly thereafter the evidence would show that the defendant entered [the victim's] residence. The encounter there led the defendant to attack her with a knife. She was stabbed multiple times, and ultimately her throat was slashed. I believe there was 11 separate stab wounds and the slashed throat. The defendant fled after that happened.

[The victim] was able to make her way a short distance across the street to a neighbor's house. The neighbor called for medical attention. A helicopter came, and she was transported to Hershey Medical Center where she underwent several surgeries and ultimately recovered, although she is still treating, and there is a possibility that she may need an additional surgery.

*Id.* at 3–4. After the prosecutor recited the above facts, Appellant indicated that he had signed a waiver of rights form and that he had no questions to ask the trial court. *Id.* at 5.

¶ 9 Before accepting Appellant's plea, the trial court explained the following:

An attempt is an intention to do something, and in this case, attempted criminal homicide, the Commonwealth [is re-

---

**2.** Nos. CP–21–CR–0000431 (criminal trespass, graded as a felony of the second degree), CP–21–CR–0000432 (loitering and prowling graded as a third-degree misdemeanor), CP–21–CR–0000433 (simple assault, graded as a second-degree misdemeanor; criminal trespass, graded as a second degree felony; and

criminal mischief graded as a summary offense), and CP–21–CR–0000434 (criminal attempt to commit homicide, aggravated assault, burglary, criminal trespass (breaking into a structure) and criminal trespass (entering a structure)).

quired] to prove that offense against you, would have to prove that you intended to kill this victim, that you attempted to do so but that you were unsuccessful in doing so.

As the District Attorney indicated, that is a felony in the first degree. It does carry a maximum penalty of 40 years imprisonment and a fine. If you enter a plea of nolo contendere, I will have a presentence investigation done by my probation office. I will then bring you back, and I will sentence you. Sentencing will be at my discretion under the law and the facts of the case as it is presented to me.

A plea of guilty is a specific admission that you do something. In contrast, a plea of nolo contendere means that you are acknowledging that the Commonwealth could prove every element of the offense of attempted criminal homicide, which they would have to do in order for you to be convicted by a jury, and the jury would unanimously have to agree that the Commonwealth had proven every element of the offense beyond a reasonable doubt.

*Id.* at 5–6. The trial court further explained to Appellant that if he entered a plea of *nolo contendere,* he would be acknowledging that the Commonwealth could prove every element of the offense of attempted criminal homicide and that he would be subject to the same penalty he would incur if he pled guilty. *Id.* at 6. The trial court added that, "unlike a plea of guilty you are not making a specific admission that you committed this crime." *Id.* Appellant then affirmatively indicated that he wished to plead *nolo contendere* under the circumstances as explained to him. *Id.* at 7. The trial court accepted the plea under the following terms:

I will accept the plea. Enter this order. The defendant having appeared at 03–0434 Criminal Term and tendered a plea of nolo contendere to a count of attempted criminal homicide, a felony in the first degree, that plea being entered in full satisfaction of all charges at this term and number and at 03–0433, 03–0432, and 03–0431, the plea is accepted and recorded.

*Id.* Thus, the record is quite clear that, at the plea colloquy, Appellant (1) never contested the prosecutor's summary of the facts which indicated that the victim suffered serious bodily injury, and (2) that Appellant accepted a plea to attempted homicide explicitly graded as a felony of the first degree and specifically explained to him as implicating a maximum sentence of forty years of imprisonment.

¶ 10 To be completely clear on these points, we reiterate that Appellant did not challenge the prosecutor's statement that the *nolo* plea pertained to the crime of attempted murder graded as a first-degree felony carrying the possibility of a forty-year sentence. Nor did he deny that the victim's throat was slashed, that she suffered eleven separate stab wounds, and that she required multiple surgeries as a result of these injuries. Under these circumstances, we conclude that neither *Apprendi* nor *Blakely* is implicated. The record simply fails to support Appellant's claim that he was never apprised of the fact that he was charged with, and pleading *nolo contendere* to, attempted homicide graded as a first-degree felony carrying a maximum sentence of forty years. Furthermore, the record does not support Appellant's argument that the Commonwealth failed to prove that the victim suffered serious bodily injury.

¶ 11 The question that must be asked when determining whether a defendant who elects to enter a guilty plea, or a *nolo contendere* plea, is whether either the information or the complaint contains references that imply the existence of a factor that affects the severity of the sentence.

*Commonwealth v. Wilson,* 829 A.2d 1194, 1200 (Pa.Super.2003). In the present case, we agree that Appellant was not charged with "attempt to commit homicide where the victim suffers serious bodily injury." In both the information and the criminal complaint, Appellant was charged with "criminal attempt to commit homicide." The infliction of serious bodily injury is not an enumerated element of the crime of attempt predicated on homicide. 18 Pa. C.S.A. § 901 (2501(a)). Rather, it is a fact that affects the length of the sentence to be imposed and that must be proven prior to the imposition of sentence. 18 Pa. C.S.A. § 1102(c).

¶ 12 The information filed in this case stated:

> Criminal Attempt to [commit] Criminal Homicide (FELONY—$50,000.00—40 years) with the intent to commit the crime of Criminal Homicide, do [sic] an act which constituted a substantial step toward the commission of that crime.

Information, 4/14/03. Clearly, the information apprised Appellant of the fact that the Commonwealth sought imposition of forty years of imprisonment. As Appellant himself acknowledges, a sentence of that length is possible only if the Commonwealth proves that the victim has sustained serious bodily injury. Appellant's Brief at 8. Moreover, the affidavit of probable cause in the criminal complaint explicitly states that the victim sustained multiple stab wounds and that the investigating officers observed "large amounts of blood" throughout the victim's residence. Criminal Complaint, 12/6/02, at 3.

¶ 13 Appellant contends that this is insufficient under *Commonwealth v. Popow,* 844 A.2d 13 (Pa.Super.2004), and *Commonwealth v. Passarelli,* 789 A.2d 708 (Pa.Super.2001). However, these cases do not hold that all the facts underlying a criminal charge must be spelled out explicitly in the information. Rather, they stand for the proposition that a sentencing court is not bound to sentence according to an error in an information, but may sentence in accordance with the true grading of the crimes as "alleged and proven." *Popow,* 844 A.2d at 18 (quoting *Passarelli*).

¶ 14 In this case, the Commonwealth demonstrated at the plea colloquy that, if the matter went to trial, it would prove that Appellant had inflicted serious bodily injury on the victim. Even if the Commonwealth had not recited facts at the plea colloquy sufficient to demonstrate that the victim suffered serious bodily injury, it arguably could have presented such evidence at the sentencing hearing. Under section 1102(c), whether the victim has suffered "serious bodily injury" is a factor that goes to the length of the sentence that may be imposed for attempted homicide, not to the elements of the crime itself. *See Wilson,* 829 A.2d at 1198–1201 (explaining cases that discuss when and in what manner the Commonwealth must prove facts that enhance a sentence or invoke a mandatory minimum sentencing provision).

¶ 15 This result is not altered by the recent decision of the United States Supreme Court in *U.S. v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Supreme Court indicated in *Booker* that the statutory maximum for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant.*" *Id.,* — U.S. at ——, 125 S.Ct. at 747 (emphasis added). In *Booker,* the Supreme Court was quite clear that any fact, other than a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable

doubt." *Id.,* —— U.S. at ——, 125 S.Ct. at 756 (reaffirming the holding in *Apprendi*). As discussed above, Appellant admitted at his *nolo* plea colloquy that the victim suffered serious bodily injury in that he admitted she sustained eleven stab wounds and that her neck was slashed.

¶ 16 The record is clear in this case that Appellant was charged with attempt to commit homicide as a first-degree felony. Furthermore, as discussed above, the record shows that Appellant explicitly acknowledged that he could be sentenced to a maximum term of forty years of imprisonment and that he agreed to plead *nolo contendere* to this crime as charged. Finally, Appellant agreed to the Commonwealth's recitation of the facts underlying the charge of attempt to commit homicide, including the fact that the victim was stabbed eleven times and that her throat was slashed. We see no indication that the Commonwealth failed to apprise Appellant of the precise charge implicated by the negotiated plea agreement or that Appellant was misled into believing that he would only be subjected to a twenty year maximum sentence. The record contains no support for Appellant's assertion that he was surprised at sentencing or that the trial court imposed a sentence in violation of *Apprendi,* nor does the record disclose any violation of *Blakely* or *Booker.* We decline to grant relief.

¶ 17 Judgment of sentence affirmed.