J-A24013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYANT WHITNEY | |
| Appellant | No. 1948 EDA 2014 |

Appeal from the Judgment of Sentence May 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014495-2008

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 13, 2015**

Appellant, Bryant Whitney, appeals from the judgment of sentence entered on May 29, 2014, by the Honorable Anne Marie Coyle, Court of Common Pleas of Philadelphia County. Whitney argues that the trial court imposed an illegal sentence under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). In ***Apprendi***, the United States Supreme Court determined that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." ***Id***., at 466. Section 1102(c) of the Crimes Code provides for the imposition of an

_____

[*] Retired Senior Judge assigned to the Superior Court.

increased maximum sentence of 20 to 40 years' imprisonment where "serious bodily injury" results from an attempted murder. In this case, we consider whether the application of Section 1102(c) was in violation of *Apprendi*. For the reasons stated below, we affirm.

Whitney, along with at least one other person, fired gunshots at the victim, Robert Jackson. Jackson sustained fourteen gunshot wounds in various parts of his torso and groin, resulting in a severed spine and permanent paralysis from the waist down. Following a jury trial, Whitney was convicted of attempted murder,[1] aggravated assault,[2] conspiracy,[3] possession of an instrument of crime,[4] and three violations of the Uniform Firearms Act.[5] The trial court sentenced Whitney to an aggregate term of 33½ to 67 years of imprisonment. Whitney subsequently filed a post-sentence motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

On appeal, Whitney raises a single issue for us to consider. Whitney contends that the 20 to 40 year maximum sentence imposed under Section

_____

[1] 18 Pa.C.S.A. § 901.
[2] 18 Pa.C.S.A. § 2702.
[3] 18 Pa.C.S.A. § 903.
[4] 18 Pa.C.S.A. § 907.
[5] 18 Pa.C.S.A. §§ 6105, 6106, and 6108.

1102(c) of the Crimes Code[6] for the attempted murder conviction was an illegal sentence because the jury was never presented with nor rendered a decision on the question of whether serious bodily injury[7] resulted from the attempted murder. Although Whitney was convicted of aggravated assault,[8] which includes serious bodily injury as an element of the crime, he maintains that the trial court erred in imposing the maximum sentence for the attempted murder conviction because the jury was not instructed on the serious bodily injury requirement specific to that crime. Thus, he maintains, the 20 to 40 year maximum sentence imposed was illegal under **Apprendi** because "it is within the sole province of the jury to find those facts

---

[6] Section 1102(c) of the Crimes Code, provides:

> [A] person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where *serious bodily injury* results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c) (emphasis added).

[7] "Serious bodily injury" is defined in the Crimes Code as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of a bodily member or organ." 18 Pa.C.S.A. § 2301.

[8] Aggravated assault is defined as either attempting to cause or causing "*serious bodily injury* to another ... intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S § 2702(a)(1) (emphasis added).

- 3 -

necessary to increase the maximum terms of imprisonment for a specific charge beyond a reasonable doubt." Appellant's Brief, at 11.

Whitney's claim challenges the legality of the sentence. "Issues relating to the legality of a sentence are questions of law. . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Brougher***, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

The instant matter involves the application of Section 1102(c) of the Crimes Code, and, in particular, the serious bodily injury requirement. "[T]he statute imposes a condition precedent to the imposition of a maximum term of imprisonment of up to 40 years, specifically, that 'serious bodily injury' must have resulted from the attempted murder. Otherwise, the sentence shall be not more than 20 years." ***Commonwealth v. Johnson***, 910 A.2d 60, 66 (Pa. Super. 2006). Serious bodily injury is "a fact that must be proven before a maximum sentence of forty years may be imposed for attempted homicide." ***Commonwealth v. Reid***, 867 A.2d 1280, 1281 (Pa. Super. 2005). At issue is whether the jury was properly instructed on the serious bodily injury requirement and subsequently determined beyond a reasonable doubt that serious bodily injury in fact resulted from the attempted murder.

The trial court reasons that the maximum sentence is proper because the jury was presented with ample evidence to determine that Whitney inflicted serious bodily injury upon his victim. ***See*** Trial Court Opinion,

2/6/2015, at 4.  We agree with the trial court's conclusion that there was sufficient evidence for the jury to determine that serious bodily injury resulted—the victim's fourteen gunshot wounds; his severed spine; the paralysis.

We further point out that the jury in fact determined beyond a reasonable doubt that serious bodily injury occurred when they found Whitney guilty of the companion offense of aggravated assault.  In this case, the jury instructions were fashioned so that the jury could *only* convict Whitney of aggravated assault if they found beyond a reasonable doubt that he intentionally *caused* serious bodily injury to his victim. The trial court issued the following instructions for the aggravated assault charge.

> A person is guilty of aggravated assault if he *causes serious bodily injury* to another human being or causes such injury intentionally and knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.  You must find each of the elements proven beyond a reasonable doubt.  *One, the defendant caused the serious bodily injury to [the victim].*  Serious bodily injury is an injury that would create a substantial risk of death that would cause serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.  In order to find that the defendant did so, you must find that the defendant engaged in conduct that constitutes a substantial step towards causing serious bodily injury to [the victim].
>
> Second, the conduct in this regard must be intentional in that his conscious purpose or object was to cause that serious bodily injury.  Any particular action by the defendant, including pointing a loaded weapon and firing at a vital part of [the victim's] body, should be considered to determine whether or not it was the conscious intent to cause serious bodily injury.

> Upon consideration of all of the evidence, if you conclude beyond a reasonable doubt that the defendant's action was a substantial step in a chain of events that he consciously set in motion with his intention, result being that [the victim] would actually suffer serious bodily injury, then you should find him guilty of this count. Otherwise, you should find the defendant not guilty of aggravated assault.

N.T., Trial, 3/27/14, at 20-21 (emphasis added).

A jury is presumed to have followed the trial court's instructions as to the applicable law. *See Commonwealth v. LaCava*, 666 A.2d 221, 228 (Pa. 1995). Thus, in ruling that Whitney was guilty of aggravated assault, the jury in fact concluded that Whitney inflicted serious bodily injury upon his victim.

Whitney cites *Commonwealth v. Johnson*, 910 A.2d 60 (Pa. Super. 2006), and *Commonwealth v. Kearns*, 907 A.2d 649 (Pa. Super. 2006), in support of his assertion that the jury had to be specifically instructed as to the serious bodily injury requirement for the attempted murder offense. Both cases are distinguishable from the case at hand.

In *Johnson*, this Court concluded that the jury did not find serious bodily injury for the purposes of applying the maximum for attempted murder, even though the appellant had been convicted of aggravated assault. *See* 910 A.2d at 67-68. However, unlike in the present case, there was no evidence in *Johnson* that the jury convicted the appellant of aggravated assault on the basis that serious bodily injury actually occurred. *See id*., at 68 n.10. Thus, the jury in *Johnson* could have convicted the

appellant of aggravated assault based merely on an *attempt* to commit serious bodily injury. As such, **Johnson** is clearly distinguishable from the case at hand.

The **Kearns** case is also distinguishable from the instant case. There, the two offenses at issue had distinct elements. **See** 907 A.2d at 659. Here, however, the jury was instructed on an *identical* element between the two offenses at issue. Specifically, the jury was instructed that in order to convict Whitney of aggravated assault, they had to find that serious bodily injury actually resulted, which was the identical element necessary for increasing the maximum sentence of the attempted murder offense. Because the serious bodily injury element of both offenses was identical, the jury's guilty verdict on the aggravated assault offense granted the trial court the authority to impose the maximum sentence for the attempted murder offense.[9] Thus, Whitney's attempt to use **Kearns** in support of his position fails.

In fact, in *dicta*, the **Kearns** court made the following statement, which directly supports our decision.

_____

[9] Whitney's assertion that he was never put on notice that the Commonwealth was seeking to request a sentence up to 40 years is refuted by the certified record. The record makes clear that the trial court informed Whitney of the possibility of a 20 to 40 year sentence for the attempted murder at his oral colloquy. **See** N.T., Hearing, 3/5/13, at 10.

> Of course, it is not sufficient that two phrases are substantially similar or substantially overlap. *Unless the two phrases are construed in identical fashion, and the jury so charged*, the jury's finding [as to the one element] would not satisfy [the slightly different other element] because it would be unclear whether the jury's finding rested upon a conclusion that fell within the first definition but not within the one of importance for our inquiry.

***Id.***, at 660 (emphasis added).

In light of the foregoing, we conclude that the trial court did not err in imposing the maximum sentence of 20 to 40 years of imprisonment for the attempted murder conviction.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/2015