J-A34012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KWAME LAMAR BARNES, | |
| Appellant | No. 947 MDA 2014 |

Appeal from the Judgment of Sentence January 30, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000426-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STABILE, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:        **FILED MARCH 16, 2016**

While the learned Majority presents a thoughtful analysis in reaching its decision to vacate the judgment of sentence in this criminal matter, I disagree with its conclusions.  Thus, because I would affirm the judgment of sentence which was imposed by the trial court upon remand, I am compelled to respectfully dissent.

From my review, the facts surrounding this brutal case are as follows. On December 19, 2010, the sixteen year-old female victim ("Victim") was sleeping alone at her mother's home when she received a text message from her ex-boyfriend, Appellant.  N.T., 2/27-28/12, at 137-139.  Although the couple were no longer dating, they still had an amicable relationship.  *Id*. at 139.  Appellant indicated in the text message that he was at the back door of the residence and Victim allowed Appellant to enter the home.  *Id*. at

140. Victim and Appellant went upstairs to Victim's bedroom where they talked, eventually had a sexual encounter, and then talked again. *Id*. at 140-141. The two then had an argument, Victim asked Appellant to leave, and she escorted Appellant downstairs to the back door. *Id*. at 141-142. Before leaving, Appellant threatened to hit Victim with a vacuum. *Id*. at 143-144. Subsequently, Appellant strangled Victim from behind by using his arm. *Id*. at 144-145. Victim lost consciousness. *Id*. at 145. When Victim regained consciousness, Appellant said to Victim, "you're gonna die today," and proceeded to strangle Victim again until she lost consciousness a second time. *Id*. at 145-147. When Victim finally regained consciousness, she was wrapped in a blanket and lying head-first in a recycling dumpster, under the State Street Bridge. *Id*. at 147-150. Victim eventually worked her way free and managed to get to the side of a roadway, where the driver of a passing vehicle finally stopped and took Victim to the hospital. *Id*. at 149. Victim was suffering from a broken vertebra in her neck, various facial injuries, a lacerated and swollen tongue, a large contusion to her right eye, and hypothermia. *Id*. at 16-21.

On December 20, 2010, Appellant was charged with criminal attempt to commit homicide, aggravated assault, kidnapping, recklessly endangering another person ("REAP"), terroristic threats, and theft by unlawful taking.[1]

---

[1] The charge of theft by unlawful taking was subsequently dismissed.

On February 28, 2012, at the conclusion of a jury trial, Appellant was found guilty of the crimes of criminal attempt — homicide, aggravated assault, kidnapping, and REAP. The jury found Appellant not guilty for the charge of terroristic threats. On May 18, 2012, Appellant was sentenced to a term of incarceration of twenty to forty years for the conviction of attempted homicide, a consecutive term of incarceration of two and one-half to five years for his conviction of aggravated assault, and a consecutive term of incarceration of two and one-half to five years for his conviction of kidnapping. The trial court imposed no sentence for the conviction of REAP.

On direct appeal, this Court determined that the convictions of aggravated assault and attempted homicide should have merged because the crimes arose from a single set of facts (namely, that Appellant choked the victim to unconsciousness), vacated the judgment of sentence, and remanded for resentencing. *Commonwealth v. Barnes*, 691 MDA 2013, 93 A.3d 497 (Pa. Super. filed December 3, 2013) (unpublished memorandum). On January 30, 2014, the trial court resentenced Appellant to a term of incarceration of twenty to forty years for the conviction of attempted homicide and a consecutive term of incarceration of five to ten years for the conviction of kidnapping. On February 5, 2014, Appellant filed a post-sentence motion, which the trial court denied on May 12, 2014. This appeal followed.

In this direct appeal, the Majority concludes that because the jury did not render a separate finding regarding serious bodily injury for the crime of attempted murder, we are required to vacate the judgment of sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and remand for resentencing. For the following reasons, I am compelled to dissent from the Majority's determination.

I begin by noting that a challenge to the legality of sentence is an attack upon the power of a court to impose a given sentence. *Commonwealth v. Lipinski*, 841 A.2d 537, 539 (Pa. Super. 2004). Accordingly, our standard of review of Appellant's issue is *de novo*, and our scope of review is plenary. *Commonwealth v. Saunders*, 946 A.2d 776, 788 n.12 (Pa. Super. 2008).

First, it is my understanding that our Supreme Court precedent requires a conclusion that the element of serious bodily injury was determined by the fact finder when the jury found Appellant guilty of the crime of aggravated assault. Indeed, the act of attempted murder, which requires a substantial step toward an intentional killing, subsumes the act of aggravated assault, which requires an attempt to inflict serious bodily injury. As our Supreme Court stated in *Commonwealth v. Anderson*, 650 A.2d 20 (Pa. 1994):

> It is clear that the offense of aggravated assault is necessarily included within the offense of attempted murder; **every element of aggravated assault is subsumed in the elements of attempted murder**. The act necessary to

- 4 -

establish the offense of attempted murder--a substantial step towards an intentional killing--includes, indeed, coincides with, the same act which was necessary to establish the offense of aggravated assault, namely, the infliction of serious bodily injury.

*Id*. at 24 (emphasis added). Accordingly, by virtue of its verdict convicting Appellant of the crime of aggravated assault, the jury concluded that the element of serious bodily injury was met, thereby permitting the imposition of a maximum sentence of forty years for the conviction of attempted murder.

Second, in reaching its conclusion, the Majority relies upon this Court's *per curiam* decision in **Commonwealth v. Johnson**, 910 A.2d 60 (Pa. Super. 2006), for the proposition that the judgment of sentence must be vacated under **Apprendi** because "the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder." Maj. slip op. at 6, citing **Johnson**. However, I am constrained to conclude that **Johnson** is distinguishable from the instant matter.

As the Court in **Johnson** explained:

Here, however, (1) [Johnson] was not charged with attempted murder resulting in serious bodily injury, (2) [Johnson] was not on notice that the Commonwealth sought either to prove that a serious bodily injury resulted from the attempted murder or to invoke the greater maximum sentence, and (3) the jury was never presented with, nor rendered a decision on, the question

J-A34012-14

of whether a serious bodily injury resulted from the attempted murder.[9]

> [9] ***Compare: Commonwealth v. Reid***, 867 A.2d 1280 (Pa.Super. 2005), *appeal denied*, 586 Pa. 725, 890 A.2d 1058 (2005) (affirming legality of a term of imprisonment of up to forty years for attempted murder, imposed following plea of *nolo contendere*, where defendant was not formally charged with attempted murder resulting in serious bodily injury, ***but*** where the Commonwealth indicated its desire to seek a maximum term of imprisonment of forty years, and recited facts of substantial bodily injury, to which defendant thereafter entered his plea of *nolo contendere* to the charge of attempted murder).

***Johnson***, 910 A.2d at 67 (footnote and emphasis in original).

Instantly, I must observe that, prior to commencement of trial in this matter the Commonwealth provided Appellant with a copy of the sentencing guidelines (with a print date of January 10, 2012), describing the charge as a "Murder Inchoate — Attempt with S.B.I. [Serious bodily Injury]." Commonwealth's Answer to Defendant's Post-Sentence Motion, Attachment "A." (Docket Entry 70). In addition, the statutory limit section of those sentencing guidelines indicates a maximum penalty of 480 months. ***Id***. Thus, I believe that any claim that Appellant was not apprised of the crime and possible maximum sentence is unavailing.

Further, in rendering instructions to the jury the trial court stated the following pertaining to the crime of criminal attempt to commit murder:

> [Appellant] has been charged with criminal attempt, murder. To find [Appellant] guilty of this offense you must find that the following three elements have been proven beyond a reasonable doubt:

> First, that [Appellant] did a certain act; that is, he physically assaulted and strangled [Victim].
>
> Second, that at the time of this alleged act, [Appellant] had the specific intent to kill [Victim]; that is, he had the fully formed intent to kill and was conscious of his intention.
>
> And, third, that the act constituted a substantial step toward the commission of the killing [Appellant] intended to bring about.

N.T., 2/27-28/12, at 214. This exact instruction was again repeated to the jury prior to deliberations. *Id*. at 235. Then again, on two occasions after jury deliberations began, the jury asked for various instructions to be reread, and the above instruction was repeated verbatim. *Id*. at 244-245, 261. Thereafter, the jury returned a verdict of guilty on the crime of criminal attempt to commit murder. *Id*. at 265. Thus, by rendering such a verdict the jury made a determination that, in committing the crime of criminal attempt to commit murder, Appellant physically assaulted and strangled Victim. Hence, I believe that the jury made the necessary determinations with regard to serious bodily injury relevant to the crime of attempted murder and the trial court properly imposed the maximum sentence of forty years.

Moreover, I am compelled to conclude that the "law of the case" doctrine applies in this matter. Specifically, this Court's prior decision on appeal precludes us from determining that the jury did not render a decision on the particular element of serious bodily injury for the crime of attempted murder necessary to impose the instant sentence.

The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995).

> Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
>
> The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy … but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

***Id***. (citations omitted).

"Under the law of the case doctrine, a trial court cannot overrule the holding of this Court upon remand proceedings." ***Commonwealth v. McCandless***, 880 A.2d 1262, 1267 (Pa. Super. 2005) (*en banc*). "A [trial] court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." ***Id***. (quoting ***Commonwealth v. Williams***, 877 A.2d 471, 475 (Pa. Super. 2005)). "[T]he law of the case doctrine might not

- 8 -

apply under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was 'clearly erroneous' and 'would create a manifest injustice if followed.'" **McCandless**, 880 A.2d at 1268 (quoting **Starr**, 664 A.2d at 1332).

My review reflects that in Appellant's initial direct appeal before this Court, we stated the following:

> Appellant argues that **his convictions for Aggravated Assault and Attempted Homicide arise from a single set of facts** and, therefore, these offenses merge for sentencing purposes. **Commonwealth v. Rovinski**, 704 A.2d 1068, 1075 (Pa. Super. 2007). We note that the Commonwealth does not dispute Appellant's contention.
>
> Upon review of the record, **we are constrained to agree. The convictions in question arise from a single set of facts; namely, that Appellant choked the victim to unconsciousness.** As such, the sentences for these offenses merge for sentencing purposes, and we are compelled to vacate Appellant's sentence.

**Barnes**, 691 MDA 2013, 93 A.3d 497 (unpublished memorandum at 2-3) (emphasis added). Therefore, our previous determination that Appellant's convictions of aggravated assault, which included a finding of the element of serious bodily injury, and attempted murder stemmed from the same criminal act satisfies the requirements of a jury determination as to that element for the crime of attempted murder. Because this Court confirmed that the same facts found by the jury were relied upon to convict Appellant of both attempted murder and aggravated assault, the trial court on remand properly imposed the instant maximum sentence.