J. S27030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| QUINCY BUCKLEY, | : | |
| | : | |
| Appellant | : | No. 1675 MDA 2015 |

Appeal from the Judgment of Sentence February 18, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division No(s): CP-35-CR-0001544-2011

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                       **FILED MAY 24, 2016**

Appellant, Quincy Buckley, appeals from the Judgment of Sentence entered in the Lackawanna County Court of Common Pleas on February 18, 2014. We affirm.

On November 8, 2012, Appellant entered a counselled plea to one count each of Conspiracy to Deliver Cocaine, Delivery of Cocaine ("PWID"), and Criminal Use of a Communication Facility.[1] After completion of a pre-sentence investigation, which listed the weight of cocaine possessed by Appellant as 50-100 grams, on February 18, 2014, the trial court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(c), 35 Pa.C.S. § 780-113(a)(30), and 18 Pa.C.S. § 7512(a), respectively. Six other charges arising from the same series of events were *nolle prossed* in accordance with the terms of Appellant's plea agreement. N.T. Guilty Plea Hr'g., 11/8/12, 4-5.

Appellant to concurrent terms of three to eight years' incarceration on the Conspiracy charge, six to twelve months' incarceration on the PWID charge, and two years' incarceration on the Criminal Use of a Communication Facility charge, followed by two years of probation. On February 6, 2014, Appellant filed a counselled Motion for Reconsideration of Sentence, which the court denied on March 3, 2014.

Appellant obtained new counsel and, on August 21, 2014, Appellant's counsel filed a *nunc pro tunc* Motion for Reconsideration, in which he challenged the sentencing guideline range used by the trial court to determine his sentence. On December 8, 2014, Appellant filed a counselled Post Conviction Relief Act ("PCRA")[2] Petition, alleging that his previous counsel was ineffective for failing to file a Notice of Appeal on Appellant's behalf. After a hearing, the trial court granted Appellant's PCRA Petition on September 22, 2015, reinstating Appellant's appeal rights *nunc pro tunc*.

On September 28, 2015, Appellant filed a Notice of Appeal. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal. The trial court filed a Rule 1925(a) opinion.

Appellant raises the following issue on appeal:

> Whether, where no drug weight was placed in the criminal information or on the record at sentencing and [Appellant] never admitted a drug weight on the record or in his guilty plea colloquy, [Appellant] was illegally sentenced based on a higher than minimal drug weight?

---

[2] 42 Pa.C.S. § 9541-9546.

Appellant's Brief at 7.

Appellant claims on appeal that the trial court imposed an illegal sentence because the court used an improper Offense Gravity Score. He argues that because he never admitted at the time of his plea that the weight of the cocaine was between 50 and 100 grams, the court should have assumed the weight to be under 50 grams at the time of sentencing, and the Offense Gravity Score should have been 5 instead of 10.[3] Relying on **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000), and **Alleyne v. United States**, 133 S. Ct. 2151 (2013), Appellant claims that the trial court impermissibly relied on the cocaine's weight to increase his sentence because that is a fact he did not admit or stipulate to in his guilty plea. We disagree, and agree with the trial court that **Apprendi** and **Alleyne** are not applicable to the instant case.

A challenge to the legality of a sentence is a question of law. Therefore, this Court's standard of review is *de novo* and the scope of review is plenary. **See Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014).

Our independent review of the record reveals that the trial court advised Appellant at the guilty plea hearing that he faced a ten-year

---

[3] In his brief, Appellant notes that the offense gravity score for PWID Cocaine with the lowest weight is 5, which, in Appellant's case, would have led to a significantly lower standard range sentence of one to twelve months' incarceration. Appellant's Brief at 18.

maximum sentence on the Conspiracy charge, a ten-year maximum sentence on the PWID charge, and a seven-year maximum sentence on the Criminal Use of a Communication Facility charge. N.T. Plea Hr'g. at 2, 4. In addition, Appellant's written plea agreement stated that Appellant would plead to criminal conspiracy to deliver a controlled substance "under 100 grams of cocaine." Plea Agreement, 11/8/12.

Moreover, we agree with the trial court's determination that *Apprendi* and *Alleyne* do not provide Appellant with relief. In addressing Appellant's allegations of error, the trial court opined as follows:

> *Apprendi* held that any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury, and *Alleyne* held that any fact that triggers a mandatory minimum sentence must be submitted to a jury. This court neither sentenced [Appellant] beyond the statutory maximum, nor imposed a mandatory minimum sentence here. Also the Pennsylvania Superior Court has recently held that *Apprendi* and *Alleyne* are not applicable to judicial consideration at sentencing of the weight of drugs sold where mandatory minimum sentences or sentences beyond the statutory limits are not imposed. *Commonwealth v. Styers*[ ]. In *Styers*, the defendant argued that *Apprendi* and *Alleyne* prohibited the trial court from considering the weight of the drugs sold at sentencing, but the Superior Court held that the trial court could consider the weight of the drugs at sentencing since trial courts have broad sentencing discretion informed by judicial fact finding which does not violate the Sixth Amendment.

Trial Ct. Op., 11/19/15, at 4.

Where a defendant enters a guilty plea, there is no requirement that he plead guilty to every fact that affects the severity of his sentence.

*Commonwealth v. Reid*, 867 A.2d 1280, 1284-85 (Pa. Super. 2005). As long as the defendant is aware of the maximum sentence he faces, which indicates that the Commonwealth is alleging that he committed certain crimes with certain elements, he is on notice that the Commonwealth is alleging these facts, and it is not dispositive if the facts are not in the information. *Id.* at 1285.

Here, Appellant had been informed that he faced a ten-year maximum sentence each on the Conspiracy charge and the PWID charge, which would only be the case if the weight of the cocaine was between 50 and 100 grams. He acknowledged this in his guilty plea agreement and at the guilty plea hearing. Appellant also signed a written plea agreement that stated that Appellant would plead guilty to "(Count 3) Criminal Conspiracy to Deliver a Controlled Substance (under 100 grams of Cocaine.)" *See* Plea Agreement. Appellant was, therefore, aware that the Commonwealth was charging him with delivering and conspiring to deliver up to 100 grams of cocaine. Because there is no requirement that a defendant plead guilty to every fact that goes into applying the sentencing guidelines, and Appellant had been advised of the maximum sentence he faced as well as the weight of the drugs alleged, Appellant's sentence is not illegal.

Judgment of Sentence affirmed. Case remanded. Jurisdiction relinquished.

J.S27030/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016