J-S85008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MALIK MILES | |
| Appellant | No. 1052 EDA 2016 |

Appeal from the PCRA Order March 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006808-2009

BEFORE: PANELLA, J., RANSOM, J., AND MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 06, 2017**

Appellant, Malik Miles, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his timely filed *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate Appellant's sentence and remand for resentencing.

On December 31, 2008, a heated dispute over territory for drug sales arose between Appellant and Eldridge Wesley. Appellant and his co-defendant, Dontey Edwards, began shooting at Wesley. The bullets struck Wesley several times in the legs and abdomen. A witness flagged down two nearby officers, who rushed Wesley to the hospital. Wesley underwent approximately eighteen surgeries following the shooting, and ultimately survived. Police later apprehended Appellant and Edwards.

Appellant and his co-defendant proceeded to a jury trial. The jury found Appellant guilty of attempted murder, aggravated assault, criminal conspiracy, possession of firearms by a person prohibited, carrying firearms without a license, possession of an instrument of crime, and recklessly endangering another person.[1] The court sentenced Appellant to twenty to forty years' incarceration on the attempted murder conviction, based on a sentence enhancement for serious bodily injury under 18 Pa.C.S.A. § 1102(c), and imposed no further punishment on Appellant's other convictions.

Appellant filed a direct appeal, and this Court affirmed his sentence. *See Commonwealth v. Miles*, 1855 EDA 2010 (Pa. Super., filed July 23, 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court, and his judgment of sentence became final on August 22, 2012. Appellant then filed the current timely PCRA petition. After the court held a *Grazier*[2] hearing, it permitted Appellant to proceed *pro se*. The court issued Rule 907 notice, and thereafter dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal, and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[1] 18 Pa.C.S.A. §§ 901(a); 2702(a); 903(a)(1); 6105(a)(1); 6106(a)(1); 907(a); 2705(a), respectively.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

On appeal, Appellant raises a single issue for our consideration. Appellant argues the enhancement of his sentence based on a finding of serious bodily injury constituted an illegal sentence, because the jury was not tasked with determining whether serious bodily injury occurred. Appellant contends the court instructed the jury that it could find Appellant guilty of aggravated assault if Appellant actually caused or merely attempted to cause Victim serious bodily injury. **See** N.T. Trial, 2/22/10, at 63. Appellant maintains the court did not ask the jury to make a specific finding as to whether Wesley in fact suffered serious bodily injury. Appellant concludes the court imposed an illegal sentence under **Apprendi v. New Jersey**, 530 U.S. 466 (2000). We agree.

Appellant's claim challenges the legality of his sentence. "Issues relating to the legality of a sentence are questions of law. … Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa. Super. 2009) (internal citation omitted).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490. The United States Supreme Court has stated that "the statutory maximum for **Apprendi** purposes is the maximum sentence a judge may impose solely on the bases of the facts reflected in the jury verdict or admitted by the defendant." **Blakely v. Washington**, 542 U.S. 296, 303-

- 3 -

304 (2004).

Appellant's sentence was enhanced from the statutory maximum of twenty years based on the following provision in 18 Pa.C.S.A. § 1102(c):

**§ 1102. Sentence for murder, murder of unborn child and murder of law enforcement officer**

\*     \*     \*

**(c) Attempt, solicitation and conspiracy.—** Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

\*     \*     \*

"[T]he statute imposes a condition precedent to the imposition of a maximum term of imprisonment of up to 40 years, specifically, that 'serious bodily injury' must have resulted from the attempted murder. Otherwise, the sentence shall be not more than 20 years." **Commonwealth v. Johnson**, 910 A.2d 60, 66 (Pa. Super. 2006) (holding sentencing court improperly imposed enhanced sentence under Section 1102(c) for attempted murder resulting in serious bodily injury where jury was never presented with question of whether serious bodily injury actually resulted). Serious bodily injury is "a fact that must be proven before a maximum sentence of forty years may be imposed for attempted homicide." **Commonwealth v.**

*Reid*, 867 A.2d 1280, 1281 (Pa. Super. 2005).

On appeal, the Commonwealth concedes the illegality of Appellant's sentence. The court's instruction to the jury reads:

> Now there are two ways that you might find [Appellant] guilty of this offense. Either because he caused serious bodily injury or he attempted to cause serious bodily injury to [Victim]. In either of these ways of aggravated assault, you must understand what serious bodily injury means. So let me describe that for you now. Serious bodily injury means bodily injury that [creates] substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any body member or organ.

N.T. Trial, 2/22/10, at 63.

The court's decision to sentence Appellant as though the jury found he had inflicted serious bodily injury on Wesley increased Appellant's statutory maximum sentence. Based on the above instruction, however, the jury could have convicted Appellant of aggravated assault *either* because Appellant actually caused serious bodily injury to Wesley, *or* because Appellant merely attempted to cause such injury. Since the record does not reveal the basis for the jury's decision, the court erred by imposing the enhanced sentence of twenty to forty years for Appellant's attempted murder conviction. Accordingly, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2017