J. S63032/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JESSE LEE McCLELLAND, | : | No. 434 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 4, 2015,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0000739-2015

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          FILED OCTOBER 25, 2017

Jesse Lee McClelland appeals the September 4, 2015 judgment of sentence of the Court of Common Pleas of Erie County in which the trial court sentenced appellant to serve 96 to 192 months of imprisonment after a jury convicted him criminal attempt--criminal homicide, 2 counts of aggravated assault, reckless endangerment, and firearms not to be carried without a license.[1]  The trial court also placed appellant on 48 months' probation consecutive to the sentence of confinement for possession of a firearm by a minor and found him guilty of a local ordinance regarding the discharge of firearms.[2]  After careful review, we affirm.

---

[1] 18 Pa.C.S.A. §§ 901(a) -2501(a), 2702(a)(1), 2702(a)(4), and 2705, and 6016(a)(1).

[2] 18 Pa.C.S.A. § 6110.1(a) and Local Ordinance § 725.05.

The trial court conducted a jury trial on July 20, 2015. Officer Cheryl Frey ("Officer Frey") of the City of Erie Police Department ("EPD") testified that on December 9, 2014, at approximately 4:00 p.m., she responded to a dispatch concerning "shots fired" and found Talynn Lucas ("Lucas") sitting on the curb on the southwest corner of Sixth and Walnut Streets. Lucas was bleeding "[o]n the outside palm of his hand." (Notes of testimony, 7/20/15 at 16-18.) Officer Frey spoke with a witness, Johnnie Burkett ("Burkett"), who lived at 413 Walnut Street. (Id. at 23.)

Lucas testified that prior to getting shot, he entered a convenience store on Fourth Street with another person to buy blunts. (Id. at 29.) After exiting the store, Lucas was walking on Walnut Street when he heard a gunshot. He then started running. Overall, he believed he heard four or five shots. (Id. at 31-32.) He did not remember seeing anyone pull out a gun, though he admitted he was under the influence of marijuana at the time. (Id. at 33-34.) Lucas was struck with a bullet on his left hand. (Id. at 34.) Lucas's wound did not require stitches. He testified that at the hospital, the wound was cleaned and wrapped. (Id. at 36.)

Burkett testified that at the time of the shooting, she was sitting in the living room of her apartment crocheting near a window. (Id. at 47-48.) When she heard the gunshots, she looked out the window and saw the shooter firing a weapon. Burkett testified that the shooter was wearing "[a] gray hoodie and a dark colored jacket over the hoodie." (Id. at 50.)

Burkett also testified that she saw the shooter's face, face to face, for a few brief seconds. (Id. at 51.) Burkett was able to identify the shooter from surveillance video from the nearby convenience store. (Id. at 54.) Burkett identified the shooter from what he was wearing and his facial features. (Id. at 55.) Burkett testified that she was 100 percent sure that appellant was the shooter. (Id. at 57.)

Detective Christopher Janus of the EPD testified that appellant was 17 years old at the time of the shooting and an individual must be at least 21 years old to obtain a license to carry a firearm. (Id. at 68.)

Following the presentation of the Commonwealth's case, appellant moved for judgment of acquittal on the criminal attempted homicide charge. The trial court denied the motion. Appellant did not present any witnesses. The jury found appellant guilty of all charges before it. The trial court convicted him of firearms--discharge prohibited, a summary offense.

On September 4, 2015, the trial court imposed the sentence set forth above. The trial court merged the aggravated assault counts and the reckless endangerment count with criminal attempt--criminal homicide. On August 22, 2016, appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appointed counsel filed a supplemental petition on October 21, 2016. After an evidentiary hearing on November 22, 2016, relief was granted such that appellant's rights to file a post-sentence motion and a direct appeal were reinstated. On February 14,

2017, appellant moved for a new trial and arrest of judgment nunc pro tunc. The trial court denied the motion on February 15, 2017. On March 15, 2017, appellant filed a notice of appeal. Also, on March 15, 2017, the trial court ordered appellant file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following a court-approved extension, appellant complied with the order on April 5, 2017. On May 9, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review:

> A. Whether the [trial] court abused its discretion and committed legal error in failing to grant the motion for acquittal as to the criminal attempt-homicide count in that the circumstances including the bullet merely grazing the hand of the victim failed to satisfy the legal and factual elements of that crime?
>
> B. Whether the Commonwealth failed to present sufficient evidence to support the respective convictions as a whole given the paucity of evidence identifying [appellant] as the shooter?

Appellant's brief at 2.

Initially, appellant contends that the evidence was insufficient to support a conviction for criminal attempt--criminal homicide given the limited nature of Lucas's injuries.

> A claim challenging the sufficiency of the evidence is a question of law. Commonwealth v. Widmer, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). In

that case, our Supreme Court set forth the sufficiency of the evidence standard:

> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. Commonwealth v. Santana, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Chambers, 528 Pa. 558, 599 A.2d 630 (1991).

Id. at 319, 744 A.2d at 751.

Commonwealth v. Morgan, 913 A.2d 906, 910 (Pa.Super. 2006).

The crime of criminal homicide is defined as "(a) Offense defined.--A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S.A. § 2501(a).

The crime of criminal attempt is defined as "(a) Definition of attempt.--A person commits an attempt when, with intent to commit a

specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

To prove criminal attempt--criminal homicide, the Commonwealth must establish that a substantial step was taken with the specific intent to kill. See Commonwealth v. Robertson, 874 A.2d 1200, 1207 (Pa.Super. 2005). "The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime." Commonwealth v. Gilliam, 417 A.2d 1203, 1205 (Pa.Super. 1980). "The mens rea required for first-degree murder, specific intent to kill, may be established from circumstantial evidence." Commonwealth v. Schoff, 911 A.2d 147, 160 (Pa.Super. 2006). "[T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts[.]" Commonwealth v. Gease, 696 A.2d 130, 133 (Pa. 1997).

Appellant asserts that because the shooting occurred in broad daylight with five or six shots fired and the only injury was a grazing of the hand, there was no evidence sufficient to establish a specific intent to kill or that a substantial step was undertaken toward the commission of a homicide.

The trial court concluded that the evidence, that appellant fired five or six shots in Lucas's direction at relatively close range, was sufficient to establish the crime. The trial court reasoned that Lucas's testimony that he was fired upon after he left the convenience store, the surveillance video

from the convenience store that revealed a person whose attire matched Burkett's description of what appellant wore, and Burkett's testimony that she saw appellant fire a gun in the direction of where it was determined that Lucas was headed were sufficient evidence to establish the crime. The trial court explained that the fact that only one bullet hit Lucas and that it only grazed him did not detract from the sufficiency of the evidence as the infliction of serious bodily injury was not an enumerated element of attempt predicated on homicide. See Commonwealth v. Reid, 867 A.2d 1280, 1284 (Pa.Super. 2005), appeal denied, 890 A.2d 1058 (2005).

This court agrees with the trial court that the evidence was sufficient to establish the conviction for criminal attempt--criminal homicide.

Appellant next contends that there was insufficient evidence to support his convictions as a whole because of the lack of evidence that established him as the shooter. Appellant argues that Burkett's testimony was based on viewing the shooter for several seconds from a distant vantage point such that reliance on Burkett's identification based on clothing, facial characteristics, and the fact that he was dark skinned was insufficient to prove that appellant was the shooter.

The trial court determined that the Commonwealth established the identification of appellant as the shooter through the eyewitness testimony of Burkett. The trial court explained that Burkett identified appellant as the

shooter three times and that the surveillance video corroborated her testimony.

The jury found Burkett credible. The trier of fact, in this case the jury, is free to believe, all, part, or none of the evidence presented when making credibility determinations. Commonwealth v. Beasley, 138 A.3d 39, 45 (Pa.Super. 2016). In deciding a sufficiency of the evidence claim, this court may not reweigh the evidence and substitute our judgment for that of the fact-finder. Commonwealth v. Williams, 153 A.3d 372, 375 (Pa.Super. 2016). Here, appellant argues that the Commonwealth's entire case rested on the credibility of Burkett which was a "very slim reed of reliability when evaluating her testimony in its entirety." (Appellant's brief at 8.) It appears that appellant is challenging the credibility determination made by the jury, which this court may not disturb.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary



Date:  10/25/2017