Commonwealth *v.* Campbell, Appellant.

216

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John J. Dean* and *John R. Cook,* Trial Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

This case comes to us on appeal by defendant from the sentence of the lower court imposed after defendant had pleaded guilty to the crime of prison breach. Defendant claims that the sentence was invalid, excessive, constituted double jeopardy and was not imposed as a punishment for the prison breach crime.

On April 12, 1973, defendant pleaded guilty to the charge of prison breach and was sentenced to a term of not less than three years, no more than ten years to take effect at the expiration of sentences imposed in Washington County and in Allegheny County for armed robberies committed by defendant while on furlough from a life sentence he was serving for the crime of

murder. It was during this prison breach that he committed the two armed robberies in Washington and in Allegheny County.

Appellant is a 48-year old inveterate criminal with an extensive criminal record, including numerous felonies, two court martials while in the service and various misdemeanors.

On March 10, 1972, defendant was granted a home furlough from prison where he was serving a life sentence for murder. He was scheduled to return on March 12, 1972, but failed to do so. It was during this prison breach that he committed the two armed robberies in Washington County and in Allegheny County. He was found guilty of the Washington County armed robbery and was sentenced to not less than 10 nor more than 20 years of imprisonment. He was also found guilty of assault with intent to kill and received a sentence of 3½ to 7 years to run concurrently with the armed robbery sentence. These sentences are to take effect at the expiration of the sentence the defendant is currently serving for murder. He was also found guilty of the Allegheny County armed robbery and sentenced to 10 and 20 years, said sentence to run concurrently with the sentence imposed in Washington County. On April 12, 1973 after defendant was tried and sentenced on the armed robbery convictions he pleaded guilty to prison breach and was sentenced to 10 to 20 years.

The defendant's first argument is based on the prison breach statute, Act of July 12, 1961, P. L. 575, §1, 18 P.S. §4309, as amended, 1968, July 16, P. L. 353, No. 174, §1. The section of the statute in question reads: "when said prison breach occurs after conviction for any offense other than the prison breach, said sentence shall commence from the expiration of the original sentence and any other sentences previously imposed which remain to be served at the time the offense of prison

breach was committed." Defendant argues that although his prison breach sentence can correctly begin at the expiration of his murder charge sentence, since it was the only sentence he was serving at the time of the escape, he contends it was error for the lower court to order his sentence on prison breach to begin at the expiration of the sentences imposed on the two armed robbery convictions because those crimes occurred after the prison breach.

Indeed, the lower court was confronted with the novel situation of deciding on the propriety of imposing a sentence for prison breach to take effect after sentences on the armed robbery convictions which had been imposed prior to the sentence on prison breach but which had not been imposed at the time of the escape.

The purpose of the prison breach statute is to assure that no part of the prison breach sentence be served concurrently with any sentences imposed prior to the escape. But there is nothing in the statute which prevented the lower court, in imposing the prison breach sentence, to order the sentence to begin at the expiration of any crime for which the defendant was convicted prior to the sentencing on the prison breach. Nor is there a requirement that the prison breach sentence be served immediately upon expiration of the original murder sentence. See *Commonwealth ex rel. McGinnis v. Ashe*, 330 Pa. 289 (1938); *Commonwealth ex rel. Gibbs v. Ashe*, 165 Pa. Superior Ct. 35 (1949), cert. denied, 338 U.S. 880 (1949); *Commonwealth ex rel. Leary v. Day*, 178 Pa. Superior Ct. 583 (1955). We agree with the lower court that the criminal record of a defendant is relevant in passing sentence, *Commonwealth v. Daniel*, 430 Pa. 642 (1968); and this applies to those crimes committed before and after the crime on trial. *Commonwealth v. Bell*, 417 Pa. 291 (1965); *Commonwealth ex rel. Gilson v. Keenan*, 185 Pa. Superior Ct.

49 (1958); *Commonwealth ex rel. Dailey v. Myers,* 186 Pa. Superior Ct. 176 (1958). These principles also invalidate the defendant's contention that because the lower court considered the two armed robbery convictions when fixing the sentence for prison breach he was "twice punished" for the armed robbery charges.

The defendant contends that the charges against him should have been brought in chronological sequence, that is to say, that the prison breach charge should have been tried first and sentence on that charge should have been imposed prior to the time that he was tried and sentenced for the two armed robberies. The answer to this contention is that the scheduling of cases for trial is a discretionary function of the trial court and cannot be adversely reviewed unless there is an abuse of discretion. We find no abuse of discretion here. *Commonwealth v. McIntyre,* 417 Pa. 415 (1965). The defendant confuses this contention with the principle of law which holds that the introduction of convictions for offenses committed subsequent to the offense being tried for the purpose of impeaching the credibility of the defendant requires a new trial. However, in this case the record of the two armed robbery convictions was not used by the lower court as a basis for adjudicating guilt but solely for the purpose of fixing sentence. *Commonwealth v. McIntyre,* supra. See also *Commonwealth v. Conard,* 206 Pa. Superior Ct. 33 (1965), cert. denied, 384 U.S. 920 (1966); *Commonwealth v. Richardson,* 433 Pa. 195 (1969). Furthermore there is no evidence in this case for concluding that the Commonwealth was attempting to create a criminal record in order to prejudice the defendant.

Defendant's complaint that the sentence imposed on the prison breach charge was too severe has no merit since the sentence comes within the ambit of the statute. If the sentence imposed is within the statutory limits, there is no abuse of discretion unless so mani-

festly excessive as to inflict too severe a punishment. *Commonwealth v. Person*, 450 Pa. 1 (1972); *Commonwealth v. Brown*, 443 Pa. 274 (1971); *Commonwealth v. Wrona*, 442 Pa. 201 (1971); *Commonwealth v. Zelnick*, 202 Pa. Superior Ct. 129 (1963). Under the circumstances of this case and with the background of defendant, we do not find that the sentence was manifestly excessive.

The judgment of sentence of the lower court is affirmed.