481 A.2d 1212

**COMMONWEALTH of Pennsylvania**

v.

**Harold William JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued July 10, 1984.

Filed Sept. 11, 1984.

Marsha A. McClellan, Assistant Public Defender, West Chester, for appellant.

Stuart Suss, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by Harold William Johnson, appellant, from a judgment of sentence entered on August 1, 1983, after he was convicted of arson arising from events occurring on December 23, 1979, upon entry of a plea of *nolo contendere.* On April 25, 1980, appellant was sentenced in New Jersey on arson charges arising from events occurring on or about January 1, 1980. After sentencing on that charge, appellant was returned to Chester County to answer the charges from which this appeal arises. On September 10, 1980, the lower court granted appellant's motion to dismiss pursuant to Rule 1100, and appellant was discharged from custody. The Commonwealth's appeal therefrom was not successful until October 8, 1982,[1] and, in the interim, on May 28, 1981, appellant was convicted of theft

1. *Commonwealth v. Johnson,* 305 Pa.Super. 310, 451 A.2d 546 (1982).

and receiving stolen property. We affirm the judgment of sentence wherein appellant was sentenced to a term of eighteen to thirty-six months' incarceration.

Appellant's contentions are two-fold and related. First, he claims that the sentencing judge improperly considered convictions for offenses committed subsequent to the one at issue, which he alleges are not "prior convictions".[2] Secondly, he contends that the sentence was manifestly excessive since he maintains that the judge did not consider sentencing alternatives nor appellant's rehabilitative needs.

A sentencing court must examine the circumstances of the crime and the individual background of the defendant since the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth v. Burtner,* 307 Pa.Super. 230, 453 A.2d 10 (1982). The court may also consider a defendant's prior arrests which did not result in convictions, as long as the court recognizes that the defendant had not been convicted of the charges. *Commonwealth v. Bryant,* 312 Pa.Super. 379, 458 A.2d 1010 (1983). Broad discretion is reposed in the sentencing judge to receive relevant information. *Commonwealth v. Vernille,* 275 Pa.Super. 263, 418 A.2d 713 (1980). Generally, the imposition of a sentence is within the discretion of the trial court and is left undisturbed on appeal because the trial court is in a better position to weigh factors involved in its determination; however, this discretion must be exercised within certain procedural limits, including consideration of sufficient and accurate information. *Commonwealth v. Bromund,* 278 Pa.Super. 189, 420 A.2d 493 (1980).

**2.** The Sentencing Guidelines do not govern appellant's sentencing proceedings since they apply to offenses occurring on or after July 22, 1982. The Guidelines define prior convictions as follows:

A prior conviction is defined as a case in which a verdict of guilty has been entered in the record and sentence has been imposed for *an offense which occurred prior to the date of the current offense,* notwithstanding any appeal taken on the prior offense. 204 Pa.Code 303.7(g), 42 Pa.C.S.A. 9721, *et seq.*

■ In fact, the sentencing judge did take into consideration appellant's intervening criminal activities and the convictions therefor and would have been remiss in not having done so. Those acts reflected appellant's character as a convicted repeat offender as well as his lack of contrition. *Commonwealth v. Gallagher,* 296 Pa.Super. 382, 442 A.2d 820 (1982).

In *Commonwealth ex rel. Norman v. Banmiller,* 395 Pa. 232, 149 A.2d 881 (1959) it was held that in a prosecution for first degree murder, defendant's prior convictions before and after the murder were properly admissible for the sole purpose of enabling a jury to determine defendant's sentence. *See also, Commonwealth v. Bell,* 417 Pa. 291, 208 A.2d 465 (1965) where it was held that

evidence of defendant's commission of other crimes, consisting of his own freely-made admissions, even though the crimes were committed after the crime on trial, is relevant and an important consideration for the jury in the determination of what manner of man the defendant is on the day the awesome decision must be made as to whether he should live or die.

*Id.,* 417 Pa. 297, 208 A.2d at 468. *See also Commonwealth v. Campbell,* 228 Pa.Super. 215, 323 A.2d 859 (1974).[3]

---

**3.** In *Wasman v. United States,* the U.S. Supreme Court held that after retrial and conviction following a defendant's successful appeal, a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings

It is now well established that a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence. The sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed. Justice Black made this point when, writing for the Court in *Williams v. New York,* 337 U.S. 241, 247 [69 S.Ct. 1079, 1083, 93 L.Ed. 1337] (1949), he observed that "[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Allowing consideration of such a breadth of information ensures that the punishment will suit not merely the offense but the individual defendant. *Ibid.*

*Wasman v. United States,* —— U.S. ——, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

■ Moreover, appellant's sentencing colloquy was lengthy and extensive. The judge adhered to the general standards set forth in 42 Pa.C.S.A. 9721(b). He considered, *inter alia*, appellant's youth, background, the nature of the offenses, appellant's good record prior to the offense and chose not to consider certain disorderly conduct convictions mentioned in a pre-sentence report. The court interposed that appellant "quite possibly need[ed]" rehabilitation during his incarceration. The Court noted

So you have a prior conviction in this Court for theft—again, which cannot be overlooked from the standpoint of your rehabilitative needs. Your counsel has argued that your time in jail for which I will give you credit of one hundred forty days, did show you that you had done something wrong, and yet the record indicates that you came back subsequently and did something wrong again, and, therefore, your rehabilitative needs must be met....

and stated that these offenses arose from "a willingness to use fire because of your own frustrations and anger—again, with the potential of serious harm."

■ Since appellant's sentence was not manifestly excessive and the sentencing judge did not consider impermissible factors, there was no abuse of discretion.[4]

Judgment of sentence affirmed.

4. The required sentencing considerations reveal the extent to which one convicted should be punished or rehabilitated. A sentencing court should not be required to ignore activities conducted at a time when, arguably, a defendant should be most cognizant of his wrongdoing.

Moreover, under appellant's theory, upon any *future* prosecution for *future* offenses, a sentencing court could consider all of appellant's criminal activities from December 23, 1979, through May of 1981. If this court had reached a different result, appellant's sentence might well have been lighter, and only upon a *future* conviction could his punishment reflect his prior criminal convictions. However, a sentencing court is bound to consider the protection to the public and the defendant's rehabilitative needs, and a consideration of appellant's criminal convictions is highly appropriate.