J-S51024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND LEON ENDERLE | |
| Appellant | No. 73 MDA 2014 |

Appeal from the Judgment of Sentence December 2, 2013
In the Court of Common Pleas of Tioga County
Criminal Division at No(s): CP-59-CR-0000371-2013

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 19, 2015**

Raymond Leon Enderle appeals from the judgment of sentence imposed on December 2, 2013, in the Court of Common Pleas of Tioga County.  Enderle pled guilty to the charge of stalking, a misdemeanor of the first degree.[1] The charge arose as a result of Enderle's engaging in repeated acts of driving by or near the work place and residence of the victim.[2]  The

---

[1] 18 Pa.C.S. § 2709.1(a)(1).

[2] By way of background, we note:

> Prior to December, 2011, [Enderle] became romantically involved with the victim in this case[.]  The two of them have a daughter who resides with [the victim].  In 2011, a domestic altercation occurred between [Enderle] and [the victim] resulting in [Enderle's] pleading guilty to burglary, graded as a felony of the first degree, and reckless endangerment, graded as a misdemeanor of the second degree.  [Enderle] was sentenced to

*(Footnote Continued Next Page)*

trial court sentenced Enderle to a sentence of intermediate punishment, Phase 1 of which involves incarceration as a community service/work release inmate for 12 months, followed by four years' probation. In this timely appeal, Enderle (1) challenges the discretionary aspects of the sentence imposed by the trial court, and (2) contends the trial court's opinion demonstrates the trial court improperly relied upon "alleged arrests" in sentencing him. Enderle's Brief, at 4.[3] For the following reasons, we affirm.

Enderle's first argument is a challenge to the discretionary aspects of the sentence. The principles that guide our review are as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> The right to appellate review of the discretionary aspects of a

_(Footnote Continued)_ ————————

> two months to one year and eleven months on the burglary followed by two years of probation for the reckless endangerment. On March 3, 2012, [Enderle] was found guilty of violating a Protection From Abuse Order and was directed to pay a fine.

Enderle's Brief at 6 (footnote omitted).

[3] Enderle preserved the first issue by timely complying with the trial court's order to file a Pa.R.A.P. 1925(b) statement of error complained of on appeal. The second issue was not known to Enderle until the trial court filed its Rule 1925(b) opinion, and therefore we will not deem it waived.

sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

****

A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, ____ A.3d ___, ____ [2014 Pa. Super. LEXIS 4563] (Pa. Super. 2014) (citations omitted).

Here, Enderle preserved his discretionary aspects of sentencing challenge by filing a motion to modify sentence within 10 days of sentencing, and a timely appeal. *See* Pa.R.Crim.P. 720(A). Enderle has also included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Enderle's Brief at 10–11. The only remaining question is whether Enderle has raised a substantial question.

Enderle asserts:

The Sentencing Code requires the Court to consider a number of factors including protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the

community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). In the instant case, the Trial Court failed to apply those mandatory standards when it imposed a sentence of total confinement for a period of 12 months. This appeal raises a specific statutory violation inasmuch as the Court seems to indicate that pleading guilty to the offense itself establishes guilt and authorizes the imposition of a sentence of total confinement for a substantial period of time. There was no indication that the public needed to be protected or that the offense was grave as it related to the impact on the life of the community nor is there any indication that incarceration accomplished any rehabilitative needs of [Enderle].

Enderles's Brief at 10–11 (Rule 2119(f) Statement).

It is well settled that "a claim of inadequate mitigating factors does not raise a substantial question for [] review." *Commonwealth v. DiSalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation and quotations omitted). Furthermore, "'[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721 has been rejected." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 1, 2014 Pa. LEXIS 3131 (Pa. 2014). It appears that Enderle's claim is that the trial court did not consider facts of record, which does not raise a substantial question. *See id.* However, even if Enderle's Rule 2119(f) Statement could be said to present a substantial question, no relief would be due.

Prior to sentencing, on November 20, 2013, Enderle, through counsel, filed a "Statement in Support of Mitigated Sentence." Enderle requested

that the court impose a mitigated range sentence. Enderle pointed out that, at the time of the filing of the charges in this case, he was in the process of attempting to reestablish a relationship with his daughter, who was residing with the victim. He noted that the charges were filed just days before there was to be a hearing in Domestic Relations with regard to his request for supervised visitation. Enderle pointed out that all acknowledge that one of the incidents recited in the criminal complaint was a coincidental meeting when the victim entered the store while he and his wife were ordering ice cream. He also acknowledged that he and his wife routinely go to the Kwik Fill gasoline station and that, in so doing, he had occasion to glance down the victim's street to attempt to get a glimpse of his daughter. He noted his wife was with him on those occasions. Enderle asserted he was employed, pays support for his daughter, has reunited with his wife, and enjoys a good relationship with his sons. Enderle requested a probationary sentence.

At the sentencing hearing held on November 25, 2013, the court indicated that it had reviewed the presentence report and Enderle's statement in support of a mitigated sentence. At the hearing, Eberle declined to make a statement on the record. N.T., 11/25/2013, at 2–3. However, counsel for Eberle presented argument on Eberle's behalf. The trial court also heard the argument of the Commonwealth's attorney.

The court, at the conclusion of the hearing, stated the following reasons in support of its sentence:

THE COURT: Alright. Mr. Enderle, first of all the Court has already adopted all the information in the presentence report and I'm not going to go through that line by line, the facts of your culpability or guilt for the offense is established by your plea.

The harm to the victim in this case is certainly evident from the trauma that she's related in her letters and the fear that you've placed her in, and frankly, anybody would have been placed in the same position based upon your actions.

I would have to say that there was certainly no grounds that would excuse or minimize or justify your actions in this case and the concern, of course, is that there have -- you have a prior record that involves certain crimes including violating a PFA and Recklessly Endangering Another Person, and we have this, of course, the crime here of Stalking Causing Repeated Acts To Threaten Bodily Injury. So, there's a history here and given, given the mental health concerns there's a concern that this sort of thing is still going to recur.

I believe you've tried to take some steps to alleviate that and I -- hopefully you will understand in the future what is and is not acceptable.

The Court's decided that in this case a standard range Intermediate Punishment Sentence is the only appropriate sentence that the Court can impose with certain other restrictions included as part of that sentence and therefore the Court's going to issue a sentence that would include a period of incarceration in the standard range under the guidelines as an Intermediate Punishment Sentence[.]

N.T., 11/25/2013, at 4–5. The court then issued a standard range sentence

of intermediate punishment, Phase 1 of which involves incarceration as a

community service/work release inmate for 12 months, followed by four years' probation.[4]

Where the sentencing court has had the benefit of a presentence report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and [] where the court is informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)), *appeal denied*, 987 A.2d 161 (Pa. 2009). Further, the suggestion that a defendant must be sentenced to the minimum amount of confinement that is consistent with the protection of the public, gravity of the offense, and rehabilitative needs of the defendant has been rejected. *See Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007). Finally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (citation omitted). In light of these principles, and based upon our careful review of the record, had a substantial question been raised, we would conclude the court

---

[4] With Enderle's prior record score of three, and offense gravity of four, the guideline ranges were as follows: a mitigated range of restorative sanctions to three months, a standard range of three to fourteen months' imprisonment, and an aggravated range of fourteen months to seventeen months. *See* N.T., 11/25/2013, at 2.

considered all relevant Section 9721(b) factors, and fully and properly justified the sentence imposed.

The second issue raised by Enderle does not involve the discretionary aspects of the sentence. Rather, Enderle contests the fact that the trial court specifically noted in its opinion that Enderle was "arrested once or twice on [PFA] violations."[5] Enderle cites **Commonwealth v. Johnson**, 481 A.2d 1212, 1214 (Pa. Super. 1984), for the principle that a sentencing court may consider a defendant's prior arrests which did not result in conviction, as long as the court recognizes that the defendant had not been convicted of the charges. Enderle argues, "In noting one or two arrests for PFA violations, the Court was improperly considering factors in violation of positive Pennsylvania law." Enderle's Brief at 15. Enderle claims, "The matter should be remanded for re-sentencing consistent with the mandate that a court may mention prior arrests but must also articulate that those arrests did or did not result in convictions." **Id.**

We find this argument presents no basis upon which to disturb the judgment of sentence. The trial court's reference to Enderle's arrests occurred **subsequent** to sentencing. In fact, at the time of the sentencing hearing, the court relied on Enderle's prior convictions.[6] Moreover, the trial

---

[5] Trial Court Opinion, 2/28/2014, at 2.

[6] At sentencing, the Commonwealth's attorney stated that Enderle had "at least one conviction for a PFA [and] [h]e may have been arrested on that
*(Footnote Continued Next Page)*

court's opinion reflects that the criminal history considered by the court in fashioning the sentence was Enderle's prior convictions.[7]   Accordingly, we conclude the sentence was legal and appropriate, and no relief is due.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015

_(Footnote Continued)_ —————————

once or twice."  N.T., 11/25/2013, at 3–4.  However, the trial judge, in his on-the-record statement in imposing the sentence, specifically referenced only Enderle's PFA and Recklessly Endangering Another Person convictions, and there is no indication the court relied on the Commonwealth's attorney's statement.  *See id.* at 4–5.

[7] *See* Trial Court Opinion, 2/28/2014, at 3 ("[Enderle's] prior record involves crimes including violation of a PFA and Recklessly Endangering Another Person.  Viewing [Enderle's] current crime in light of his criminal history and given concerns about his mental health caused the court to have significant concern that his behavior would reoccur.").