J-S17009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARLENE W. KENJORA | |
| Appellant | No. 564 WDA 2015 |

Appeal from the Judgment of Sentence November 7, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000059-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                     **FILED MAY 10, 2016**

Appellant, Marlene W. Kenjora, appeals from the judgment of sentence entered in the Clearfield County Court of Common Please, following her jury trial convictions of criminal attempt (first degree murder), aggravated assault, simple assault, and recklessly endangering another person ("REAP").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant received inpatient treatment for depression and manic behavior from November 22, 2012 to December 3, 2012.  Upon her release, Appellant returned home and obtained the services of a home-health psychiatric

_____

[1] 18 Pa.C.S.A. §§ 901(a) (§ 2502(a) related), 2702(a)(1), 2701(a)(1), and 2705, respectively.

_____

*Former Justice specially assigned to the Superior Court.

agency. The victim, Erin Schaeffer, was a registered nurse who occasionally went to Appellant's home to assist her with her medications.

On December 6, 2012, Ms. Schaeffer went to Appellant's home and found her to be irate and non-compliant with Ms. Schaeffer's attempts to refill Appellant's medications. Ms. Schaeffer called Appellant's daughter but was unable to reach her. Thereafter, Ms. Schaeffer contacted Kristen Gamling, a crisis counselor, to request assistance or to have Appellant evaluated for inpatient commitment. While Ms. Schaeffer was speaking to Ms. Gamling, Appellant went upstairs, retrieved a handgun, returned, and shot Ms. Schaeffer in the left temple. Ms. Gamling testified she heard Ms. Schaeffer start screaming, "she shot me, she shot me," to which Appellant yelled, "you're damn right I did." Ms. Schaeffer fled the residence, got into her vehicle, and traveled to the home of a neighbor who was also a home-health nurse. The neighbor bandaged Ms. Schaeffer's head and called the police. Ms. Schaeffer was subsequently transported to a hospital where a CAT scan determined she had a fractured skull with bleeding around her brain. Ms. Schaeffer underwent surgery to stop the bleeding, remove bullet fragments, and replace the bone in her skull. Ms. Schaeffer was released from the hospital several days later but continues to suffer from headaches, difficulty sleeping, and post-traumatic stress disorder.

Meanwhile, Appellant called another neighbor crying and stated, "I shot my nurse." The police arrived at Appellant's home and told her to put

down the gun and exit the residence with her hands up. Appellant complied and told the police, "I'm sorry, I shot her, I snapped." The police then arrested Appellant.

A jury convicted Appellant on September 24, 2014, of criminal attempt—first-degree murder, aggravated assault, simple assault, and REAP. The jury found Appellant guilty of attempting to cause or causing serious bodily injury. On November 4, 2014, the court sentenced Appellant to twelve (12) to twenty-four (24) years' imprisonment for attempted murder; the remaining convictions merged with attempted murder for sentencing purposes. Appellant timely filed a post-sentence motion on November 14, 2014. The court conducted a hearing on December 9, 2014, and dismissed the motion on March 2, 2015. Appellant timely filed a notice of appeal on March 31, 2015. The court ordered Appellant on April 1, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on April 22, 2015.

Appellant raises the following issue for our review:

> WHETHER THE [TRIAL COURT] ERRED IN REFUSING [APPELLANT'S] REQUEST FOR A JURY INSTRUCTION ON THE CONDITION OF INVOLUNTARY DRUGGED (INTOXICATION) CONDITION; WHETHER, AS A MATTER OF LAW, SUFFICIENT EVIDENCE HAD BEEN PRESENTED TO SUPPORT A CONCLUSION THAT SERIOUS BODILY INJURY HAD OCCURRED AND IN THE ABSENCE OF SUCH A FINDING, WHETHER THE SENTENCE IMPOSED WAS ILLEGAL; AND WHETHER THE COURT ADEQUATELY CONSIDERED MITIGATING FACTORS IN IMPOSING SENTENCE?

(Appellant's Brief at 7).

Appellant's issue is composed of four sub-parts. Appellant initially argues she was entitled to a jury instruction on the defense of involuntary drugged condition. Appellant acknowledges there is no appellate case law in which this instruction has been applied to any area other than driving under the influence ("DUI"). Appellant claims she was not in control of her faculties due to her required medication.

Appellant next argues the evidence was insufficient for the jury to find that Appellant had caused or attempted to cause "serious bodily injury" to the victim. Appellant contends Ms. Schaeffer did not suffer any real injury to her brain or other vital part of her body that created an actual risk of death. As a companion complaint, Appellant further argues her sentence of twelve to twenty-four years' imprisonment is illegal, as it exceeds the maximum penalty of twenty years' imprisonment for attempted murder without "serious bodily injury."

Lastly, Appellant asserts the court failed to consider at sentencing certain mitigating factors, including her lack of criminal history, that she was under extreme mental or emotional disturbance, her inability to appreciate the criminality of her behavior, and that she was sixty-nine years old at the time of the incident. As presented, this final claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995) (explaining claim that court did

not consider mitigating factors challenges discretionary aspects of sentencing). Appellant concludes the court erred or abused its discretion on the various grounds asserted. We disagree.

With respect to Appellant's initial argument, we observe: "There is no requirement for the trial judge to instruct the jury pursuant to every request made to the court." ***Commonwealth v. Newman***, 555 A.2d 151, 158-59 (Pa.Super. 1989), *appeal denied*, 540 Pa. 580, 655 A.2d 512 (1995). "In deciding whether a trial court erred in refusing to give a jury instruction, we must determine whether the court abused its discretion or committed an error of law." ***Commonwealth v. DeMarco***, 570 Pa. 263, 271, 809 A.2d 256, 260-61 (2002).

A jury charge is erroneous only if the charge as a whole is inadequate, unclear, or has a tendency to mislead or confuse, rather than clarify, a material issue. ***Commonwealth v. Baker***, 963 A.2d 495, 507 (Pa.Super. 2008), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010) (citation omitted).

> A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions.

***Id.*** Moreover,

> The trial court may use its own form of expression to explain difficult legal concepts to the jury, as long as the trial court's instruction accurately conveys the law. A verdict will not be set aside if the instructions of the trial court, taken as a whole, and in context, accurately set forth the applicable law.

*Commonwealth v. Jones*, 858 A.2d 1198, 1201 (Pa.Super. 2004). "Jury instructions must be supported by the evidence of record as instructions regarding matters that are not before the court serve no purpose but to confuse the jury." *Commonwealth v. Bruce*, 717 A.2d 1033, 1037 (Pa.Super. 1998), *appeal denied*, 568 Pa. 643, 794 A.2d 359 (1999).

Regarding Appellant's second and third arguments, the law states:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

> Under the Crimes Code, "[a] person commits an attempt when with intent to commit a specific crime, he does any

- 6 -

act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S.A. § 901(a). A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act. See 18 Pa.C.S.A. §§ 901, 2502. The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime. The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence. [T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts.

*Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa.Super. 2008), *appeal denied*, 600 Pa. 760, 967 A.2d 958 (2009) (most internal citations and quotation marks omitted). Additionally, this Court has observed:

A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

*Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa.Super. 2013) (internal citations and quotation marks omitted). The Pennsylvania Consolidated Statutes define the sentence for attempted murder as follows:

**§ 1102. Sentence for murder, murder of unborn child and murder of law enforcement officer**

\* \* \*

**(c) Attempt, solicitation and conspiracy.—**

- 7 -

> Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c).

With respect to Appellant's final sentencing dispute, we note that challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Id.* Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise

- 8 -

statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." **Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13. Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545 (internal quotation marks omitted).

Instantly, the court disposed of Appellant's arguments as follows:

> [Appellant's] first request is a Motion for New Trial, alleging that the [c]ourt erred in denying [her] request for jury instructions regarding the defense of involuntary drugged condition. The Pennsylvania Suggested Standard jury [i]nstruction for involuntary intoxication, specifically states that the involuntary intoxication defense is only applicable where the charge is under 75 Pa.C.S. § 3802. **See** Pa.S.S.J.I.Crim. 8.308C. Moreover, the parties and this [c]ourt were unable to find any appellate case law in Pennsylvania in regards to the involuntary intoxication

- 9 -

defense being applicable for any matter except in a [DUI] case. Since Pennsylvania does not recognize such a defense in any case except for [DUI], the [c]ourt was correct in denying [Appellant's] request.

In addition, the evidence presented at trial did not warrant the necessity for the [c]ourt to give the involuntary intoxication jury instruction, even if it was applicable. The evidence at trial clearly showed that [Appellant] had mental health issues and she did not take her medication as instructed as opposed to her involuntarily taking medication that she was not supposed to be taking. The facts and evidence presented at trial clearly do not support the defense of involuntary intoxication, even if it were available for the charges in [Appellant's] case, and the [c]ourt properly denied [her] request for the same. *See Commonwealth v. Briggs*, 12 A.3d 291 (Pa. 2011) (trial court properly denied defendant's requested jury instruction where there was no evidence on the record to support said jury instruction).

[Appellant's] second claim is a Motion for Acquittal, arguing that insufficient evidence was presented at trial to establish as a matter of law that the victim suffered serious bodily injury in order to be found guilty of the offense of Aggravated Assault—caused serious bodily injury.

A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is only granted in cases in which the Commonwealth has failed to carry its burden regarding that charge. *Commonwealth v. Graham*, 81 A.3d 137 ([Pa.Super.] 2013). The standard to be applied in reviewing the sufficiency of the evidence is:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the

Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* at 142 (citing **Commonwealth v. Brown**, 23 A.3d 544, 559-560 ([Pa.Super.] 2011) (*en banc*)). In this matter the jury found [Appellant] guilty [*inter alia*] of Aggravated Assault—caused serious bodily injury, therefore the [c]ourt should view all the evidence admitted at trial in the light most favorable to the Commonwealth.

Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

At the trial in this matter, the Commonwealth presented the expert testimony of Dr. Jeannette Capella, who testified that she was the trauma surgeon who conducted the initial evaluation of the victim. Dr. Capella testified that the victim had been shot in the left temple area, that a CAT scan was performed and it showed bullet fragments in the victim's head, bone fragments where the skull had been fractured and blood in and around the victim's brain in that area. Dr. Capella stated that the victim's injuries necessitated surgery in order to put the bone back in place and to remove the bullet fragments. Dr. Capella also testified that a shot in the head can cause damage to the brain, and the middle meningeal artery is located in the particular area where the victim was shot. This is a major artery that if damaged can cause quite a lot of bleeding.

- 11 -

Lastly, Dr. Capella testified that there is a danger of death from being shot precisely where the victim had been shot in the head.

Viewing it in a light most favorable to the Commonwealth, the testimony of Dr. Capella was sufficient for the jury to find that [Appellant's] actions caused serious bodily injury. [Appellant's] act of shooting the victim in the left temple area, which caused the victim's skull to fracture, was clearly bodily injury[,] which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *See Commonwealth v. Philips*, 410 A.2d 832, 834 (Pa.Super. 1979) (gunshot wound to the leg requiring a two week stay in hospital and resulting inability to walk for one month, considered serious bodily injury). *Commonwealth v. Caterino*, 678 A.2d 389 (Pa.Super. 1996) (victim's broken nose and severed artery, which required over three hours of emergency medical attention, constituted "serious bodily injury," for purposes of determining proper sentencing offense score for defendant convicted of aggravated assault).

[Appellant's] third claim is a Motion for Re-Sentencing, arguing that there was no serious bodily injury inflicted upon the victim, thus the maximum allowable sentence for Criminal Attempt Murder in First Degree is 20 years pursuant to 18 Pa.C.S.A. § 1102(c) and the [c]ourt's sentence of 12-24 years is therefore illegal. This Motion must be dismissed due to the [c]ourt's finding above.[2]

[Appellant's] final claim is a Motion for Reconsideration of Sentence, requesting that the [c]ourt impose a lesser sentence. [Appellant] argues that the [c]ourt did not adequately consider certain mitigating factors at the time of sentencing, including: [Appellant's] age; the fact that she was at the time under the influence of extreme mental or emotional disturbance; the capacity of [Appellant] at the time to fully appreciate the criminality of her conduct;

_____

[2] We discuss this issue in further detail following our summary of the trial court's decision.

- 12 -

that [Appellant] was at the time under extreme duress; and that [Appellant] has no significant history of prior criminal convictions. However, the [c]ourt did take all mitigating factors and evidence into account and the sentence imposed by the Court was appropriate considering the nature of the offense, the protection of the public, and the rehabilitative needs of [Appellant].

Sentencing is a matter vested within the discretion of the court and will not be disturbed absent an abuse of discretion. [**Evans, supra**]. To find an abuse of discretion in this respect, there must be more than a mere error in judgment; a sentencing court [will not] be found to have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007). Furthermore, a sentencing court must examine the circumstances of the crime and individual background of the defendant as the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. **Commonwealth v. Johnson**, 481 A.2d 1212, 1214 (Pa.Super. 1984).

The standard guideline range for the offense of Criminal Attempt Murder of First Degree is 72 months to 240 months. The sentence imposed by the [c]ourt is within that standard guideline range, and that sentence is not manifestly unreasonable simply because it was not at the minimum of that standard range. Additionally, the sentence recommendation provided by the Probation Office was for 20-40 years. The [c]ourt did take into account the mitigating factors in this matter, and the best evidence of the same would be that the [c]ourt imposed a sentence which was considerably lower than that recommended by the Probation Office.

(Trial Court's Opinion, filed March 2, 2015, at 1-5). We accept the court's

analysis.

We now take a closer look at Appellant's claim that her sentence of 12

to 24 years' incarceration for attempted murder was improper under Section 1102(c) because no serious bodily injury occurred in this case. Section 1102 allows for a maximum sentence of 40 years, **unless serious injury did not result** from the attempted murder; in the event of no serious bodily injury, the maximum sentence is not more than 20 years. ***See*** 18 Pa.C.S.A. § 1102(c) (emphasis added). Although not identified or argued as such, Appellant's issue appears to implicate ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (stating any fact that increases penalty for crime beyond prescribed statutory maximum, other than fact of prior conviction, must be submitted to jury and proved beyond reasonable doubt). A true ***Apprendi*** issue involves the legality of the sentence, which cannot be waived on appeal, as long as we have proper jurisdiction to address it. ***See Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) (citing ***Commonwealth v. Roney***, 581 Pa. 587, 866 A.2d 351 (2005), *cert. denied*, 546 U.S. 860, 126 S.Ct. 139, 163 L.Ed.2d 141 (2005)).

Two cases come to light in the context of serious bodily injury and sentencing under Section 1102(c). The first case is ***Commonwealth v. Johnson***, 910 A.2d 60 (Pa.Super. 2006), *appeal denied*, 592 Pa. 766, 923 A.2d 1173 (2007). In ***Johnson***, the Commonwealth charged and the jury convicted the defendant of attempted murder, aggravated assault, recklessly endangering another person and related offenses arising from the

defendant's ambush and shooting of the victim who had previously testified for the Commonwealth against the defendant's brother in an unrelated first degree murder case. During the subsequent attack on the victim, the defendant pointed a handgun at the victim's head and fired but missed. The defendant then pursued the victim and fired several more rounds at her, one of which struck the victim in the heel of her foot. At sentencing, the court imposed a term of imprisonment of 17½ to 40 years for the attempted murder conviction.

In addition to other issues on appeal, the defendant challenged the attempted murder sentence on the ground of insufficient evidence of serious bodily injury. The trial court proposed that the defendant's conviction for the companion offense of aggravated assault was enough to establish serious bodily harm. In response, this Court said:

> [I]t was not the prerogative of the trial court, but solely the responsibility of the jury in this case to find, beyond a reasonable doubt, whether a serious bodily injury resulted from the instant attempted murder.
>
> \* \* \*
>
> Here, however, (1) appellant was not charged with attempted murder resulting in serious bodily injury, (2) appellant was not on notice that the Commonwealth sought either to prove that a serious bodily injury resulted from the attempted murder or to invoke the greater maximum sentence, and (3) the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder. Thus, the jury verdict here was limited to a finding of guilt on the crime of attempted murder generally, for which the maximum sentence is twenty years.

- 15 -

*Id.* at 67-68. Essentially, the **Johnson** decision can be interpreted to suggest that the "serious bodily injury" factor must be attached to the attempted murder charge, even in a multi-count prosecution. **Id.** Importantly, nothing in the **Johnson** decision indicated that any of the defendant's crimes had been charged with causing serious bodily injury or if that matter was presented to the factfinder at trial.

The second case to draw our attention is **Commonwealth v. Reid**, 867 A.2d 1280 (Pa.Super. 2005), *appeal denied*, 586 Pa. 725, 890 A.2d 1058 (2005), in which the Commonwealth charged the defendant with criminal attempt (homicide), aggravated assault, burglary and criminal trespass. The charges arose when the defendant entered the victim's home and stabbed her eleven times with a knife before slashing her throat. The victim endured several surgeries and remained under treatment when the defendant struck a plea deal with the Commonwealth. In exchange for the defendant's *nolo contendere* plea to one count of criminal attempt (homicide), the Commonwealth agreed not to pursue the other charges stemming from the assault on the victim in this case as well as in satisfaction of the charges pending against the defendant at three additional docket numbers. The prosecutor presented the parties' agreement to the court as a *nolo contendere* plea to one count of attempted criminal (homicide) graded as a first degree felony carrying a maximum penalty of forty years and a $50,000.00 fine, to be in full satisfaction of all charges

filed at four separate docket numbers. Upon the trial court's request, the prosecutor recited the factual predicate of the case. The prosecutor described the defendant's attack on the victim, including the eleven stab wounds and slashed throat; and how, despite her wounds, the victim was able to stagger across the street to a neighbor's house for help. At sentencing, the court imposed a term of imprisonment of 18 to 40 years for the attempted murder offense.

On appeal, the defendant challenged his sentence "on the grounds that (1) a jury did not make the factual determination that the victim suffered serious bodily injury, (2) the information filed by the Commonwealth did not explicitly state that the victim suffered "serious bodily injury" using those precise words, and (3) the Commonwealth failed to apprise Appellant that it was asserting that the victim suffered serious bodily injury thereby implicating a maximum term of imprisonment of forty years." *Id.* at 1281. This Court identified the defendant's issue as one challenging the legality of the sentence under ***Apprendi***. In response, this Court concluded the defendant was sufficiently apprised that his charges involved serious bodily injury, and the facts underlying the charge did not need to be spelled out explicitly in the criminal information. Instead, the Court reiterated the principle that the court "is not bound to sentence according to an error in an information, but may sentence in accordance with the true grading of the crimes as alleged and proven." ***Reid, supra*** at 1284. Although the

defendant had not been expressly charged with attempt to commit criminal homicide (serious bodily injury), the defendant agreed with the Commonwealth's recitation of the facts underlying the charge, including the extent of the victim's injuries. This Court, therefore, concluded the record contained no support for either the defendant's assertion of "surprise" at sentencing or his claim of a sentence in violation of *Apprendi*.

In the present case, Appellant was not specifically charged with Criminal Attempt/Murder of the First Degree (serious bodily injury) on the criminal information. Curiously, Appellant does not argue that point precisely.[3] On the other hand, the Criminal Complaint includes and recites the acts of Appellant which were associated with the particular offense of attempted criminal homicide as: "The Defendant did on or about 12/05/2012 at approx. 1600 hrs. commit an attempt, with the intent to commit Criminal Homicide by shooting a .22 Caliber Revolver Handgun at a known victim. When doing so the said victim was struck in the left side of her head with a .22 Caliber bullet **causing serious bodily injury to the victim**." (*See* Criminal Complaint, filed 12/6/12, at 2.)

Here, Appellant only challenges the jury's finding of serious bodily injury. The facts of the victim's serious bodily injury, however, were fully charged, prosecuted and defended at trial, argued at closing, and found by

---

[3] Appellant, however, was expressly charged with aggravated assault (serious bodily injury) on that document.

the jury. Appellant was on notice from the outset of her case to defend against serious bodily injury arising from the shooting, and the jury found serious bodily injury resulted from the incident giving rise to the charges. Therefore, Appellant cannot reasonably claim she was "surprised" at sentencing or that she received a sentence in violation of *Apprendi*.

Granted, neither *Johnson* nor *Reid* is readily dispositive of the present case. Nevertheless, Appellant was on notice to defend the attempt to cause or caused serious bodily injury aspect in her case and did so unsuccessfully. Therefore, the record fails to support Appellant's *Apprendi* issue. Moreover, we cannot tell from the *Johnson* decision whether the defendant in that case was ever on notice to defend against serious bodily injury. So, we cannot say definitively that *Johnson, supra* calls into question Appellant's attempted murder sentence simply because "serious bodily injury" was not expressly mentioned in conjunction with that particular charge on the criminal information document.[4] Given the theoretical difficulties potentially arising from the prevailing case law, and to avoid the current problem, we think the better course of action is for the Commonwealth to include or attach "serious bodily injury" to all relevant charges on all of the charging and other important record documents

_____

[4] As an aside, query how Appellant's other convictions, most of which included serious bodily injury, could have merged for sentencing if her conviction for attempted murder did not include serious bodily injury.

throughout the case. Based on the foregoing, we conclude Appellant's issues merit no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016