J-S06020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE WESTBROOK | : | |
| | : | |
| Appellant | : | No. 3693 EDA 2016 |

Appeal from the Judgment of Sentence Entered on July 27, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012208-2014

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 23, 2018**

George Westbrook appeals from the judgment of sentence imposed following his convictions for aggravated assault, persons not to possess firearms, and possession of an instrument of crime.[1] Westbrook claims his sentence, which was above the standard range of the Sentencing Guidelines, was an abuse of discretion. We affirm.

The relevant facts and procedural history are as follows. On May 1, 2014, Westbrook met with Andrew Keeys at Keeys' apartment. After seeing a text message in Keeys' phone, Westbrook became angry and pulled a gun from his waistband and ordered Keeys to lie on the floor. After a brief struggle between the two, Westbrook shot Keeys in the area of his left

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 6105(a)(1), and 907(a), respectively.

shoulder. On May 20, 2016, a jury found Westbrook guilty of aggravated assault and possession of an instrument of crime. The same day, Westbrook waived his right to a jury trial for the charge of persons not to possess firearms and after a bench trial, the trial court found him guilty of that charge. The trial court then ordered a pre-sentence investigation report with a mental health evaluation.

The trial court later sentenced Westbrook on July 27, 2016 to a term of ten to 20 years' imprisonment for aggravated assault; a consecutive term of two and a half to five years' imprisonment for possession of an instrument of crime; and two and a half to five years' imprisonment for persons not to possess firearms to run consecutive to the sentence on the aggravated assault charge but concurrent to the sentence for the possession of an instrument of crime charge. Westbrook's aggregate sentence was 12½ to 25 years' imprisonment. The sentence was above the aggravated range of the Sentencing Guidelines.

Westbrook filed a Post-Sentence Motion on July 29, 2016, which was denied by operation of law on November 29, 2016. On December 2, 2016, he filed a timely Notice of Appeal. The trial court ordered, and Westbrook timely filed, a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On May 24, 2017, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Westbrook raises one question for our review:

> Did not the lower court abuse its discretion and violate due process by imposing an unreasonable aggregate sentence of twelve-and-a-half to twenty-five years, a sentence above the aggravated guideline range, by not differentiating prior arrests and convictions, by issuing an above guidelines sentence without stating its reasons for doing so, and by failing to state adequate reasons for issuing consecutive sentences?

Appellant's Brief at 3.

Westbrook challenges the trial court's discretion in imposing sentence. As such, we must conduct a four-part analysis before reaching the merits of his claim. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013). We must determine: (1) whether present appeal is timely, (2) whether the instant issue argued was properly preserved, (3) whether a statement was filed pursuant to Pa.R.A.P. 2119(f), and (4) whether there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Id.***

In the instant case, Westbrook timely filed a Notice of Appeal, and properly preserved his claims challenging the discretionary aspects of sentencing in his Post-Sentence Motion. Westbrook also included a Pa.R.A.P. 2119(f) Statement in his brief. Appellant's Brief at 10-11. Finally, Westbrook has presented substantial questions for our review. Westbrook contends that the trial court failed to state adequate reasons for deviating from the Sentencing Guidelines, which raises a substantial question. ***See***

*Commonwealth v. Holiday*, 954 A.2d 6, 10 (Pa.Super. 2008). His additional argument that the trial court relied on impermissible factors in fashioning his sentence also raises a substantial question. Appellant's Brief at 3; *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa.Super. 2006).

Sentencing is within the discretion of the trial court and thus will not be disturbed absent an abuse of discretion. *Commonwealth v. Jones*, 640 A.2d 914, 916 (Pa.Super. 1994). The only limitations on this discretion are that the sentence imposed must be within the statutory limits; the record must show that the court considered the Sentencing Guidelines; and if the court deviates from the Sentencing Guidelines, the record must include a statement of reasons for the departure. *Commonwealth v. Warren*, 84 A.3d 1092, 1097 (Pa.Super. 2014). When imposing a sentence, the court must consider the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the Sentencing Guidelines. *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa.Super. 2008).

Westbrook contends that the trial court considered two improper factors when it fashioned his sentence: his prior convictions, which he notes were accounted for by his prior record score, and his prior arrests, which he argues the trial court treated as if they were convictions. The Commonwealth did not file an Appellee's Brief in this Court.

Westbrook is correct that prior convictions are accounted for in the prior record score, and a prior conviction therefore may not be used to impose an aggravated range sentence. *See* 204 Pa.Code § 303.5; *Commonwealth v. Johnson*, 758 A.2d 1214, 1219 (Pa.Super. 2000). *But see Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa.Super. 2008) (stating even where sentencing court relies on improper factor, there is no abuse of discretion if court has significant other support for departing from Sentencing Guidelines).

Westbrook is incorrect, however, that the trial court's "extended" discussion of his prior record shows that the court considered it as an aggravating sentencing factor. Appellant's Brief at 13. To the contrary, the court never stated that it was using Westbrook's prior record as an aggravating sentencing factor. Rather, the trial court referred to Westbrook's history of arrests and convictions as part of its explanation of its sentence: assessment of Westbrook's potential for rehabilitation and the need to protect the community:

> You, sir, have a terrible record . . . . What strikes me here is that your first arrest as a 17 year old was for aggravated assault, for which you were adjudicated delinquent. And here you are 12 years later and we're back again with an aggravated assault charge. We simply cannot have folks walking the street who can visit violence on a fellow citizen in the manner that you did in this case.

N.T., Sentencing Hearing, 7/27/16 at 35.

Furthermore, although the court made reference to Westbrook's arrests and convictions as both a juvenile and an adult, it is clear that the court was making a complete record of the evidence that was presented to it for purposes of sentencing. This is supported by what the trial court stated to Westbrook prior to the discussion of his record:

> I want you to appreciate that our judicial system requires that sentencing be individualized; that is that we look at Mr. Westbrook's need for rehabilitation, who he is, his position in life. But we must also take into account society's need for protection.

*Id.* at 34.

The court thus did not improperly consider Westbrook's prior record as an aggravating factor. Moreover, even if the trial court had considered his prior record as an aggravating factor, doing so would not have been an abuse of discretion because his prior record was not the sole reason for his aggravated sentence. **See Sheller**, 961 A.2d at 192. The trial court stated that it considered all the requisite factors such as society's need for protection, Westbrook's need for rehabilitation, and the gravity of the offense. N.T., Sentencing Hearing, 7/27/16 at 37. The court expressly stated that it gave due consideration to the Sentencing Guidelines and read the pre-sentence investigator's report as well as the mental health evaluation, which included the mitigating factor of Westbrook's rough upbringing. **Id.** at 36.

Westbrook also claims that the trial court conflated his prior arrests with criminal convictions. However, the record is clear that the court distinguished among Westbrook's arrests, adjudications of delinquency, and criminal convictions:

> When I review the reports ordered for assistance of sentence in this case, I see that you have four arrests as a juvenile and three adjudications of delinquency; nine arrests as an adult and five convictions.

***Id.*** at. 35-36.

The court's review of Westbrook's arrest, delinquency, and criminal history was not improper. ***See Commonwealth v. Johnson***, 481 A.2d 1212, 1214 (Pa.Super. 1984) (stating sentencing court may consider defendant's prior arrests which did not result in convictions, as long as court recognizes that defendant was not convicted of the charges).

Westbrook next contends that the trial court failed to state its reasons for imposing his consecutive sentences. Appellant's Brief at 14-15. Even assuming for purposes of argument only that this claim states a substantial question,[2] this claim lacks merit.

The trial court heard testimony from Westbrook's mother and his child's mother who spoke about his character and their support for him.

---

[2] ***See Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa.Super. 2012) (*en banc*) (stating challenge to imposition of consecutive sentences states a substantial question if consecutive sentences "raise[] the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.").

N.T., 7/27/16 at 17-25. Additionally, the court heard from the victim in the case, Mr. Keeys, by way of a victim impact statement that the prosecutor read into the record. *Id.* at 28-33. The court also considered the pre-sentence investigation report as well as the mental health evaluation. *Id.* at. 36-37.

The court then, contrary to Westbrook's claim on appeal, explained how it had settled on the sentence it imposed on Westbrook. The court explained that Westbrook's four arrests as a juvenile and three adjudications of delinquency, and nine arrests as an adult and five criminal convictions showed that despite multiple prior opportunities at rehabilitation, Westbrook had reoffended. *Id.* For that reason, the court concluded that the risk of recidivism to be high, and stated, "We simply cannot have folks walking the street who can visit violence on a fellow citizen in the manner that you did in this case." *Id.* at 35-36. The court also noted that Westbrook's mother had abused him and his father had abandoned him, but also pointed out that Westbrook had now abandoned his own two children. *Id.* at 36. The court then identified all of the all of the factors that it had considered in sentencing Westbrook:

> I have taken into consideration Mr. Westbrook, all of the factors I'm required to, those imposed on this Court by our appellate courts, as well as those imposed by the legislature. I've given due consideration to the guideline computations. I have read the presentence investigator's report and the mental health evaluation. I have considered your need for rehabilitation as well as society's need for protection. And I have taken into account the gravity of the offense on which the jury found you guilty.

- 8 -

*Id.* at 37.

Westbrook's claim that the trial court failed to state its reasons for imposing an aggravated-range sentence is patently meritless.

Finally, we address Westbrook's claim that his aggregate sentence was unreasonable. A sentence may be found to be unreasonable if the trial court imposed it without consideration of the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. **Commonwealth v. Walls**, 926 A.2d 957, 964 (Pa. 2007). A sentence may also be found to be unreasonable after review of the factors set forth in Section 9781(d):

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id.* (citing 42 Pa.C.S. § 9781(d)).

Here, we cannot say that Westbrook's aggregate sentence was unreasonable. As demonstrated above, the trial court considered and weighed the required sentencing factors, and gave consideration to both mitigating and aggravating circumstances before imposing sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/18