J-A10030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN BROWN | : | |
| | : | |
| Appellant | : | No. 1575 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006696-2019

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED SEPTEMBER 12, 2023**

Appellant, John Brown, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to attempted murder and possessing an instrument of crime ("PIC").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On July 6, 2019, Appellant stabbed his girlfriend ("Victim") in the neck when she tried to end their relationship.  Appellant twisted the knife in Victim's neck before stabbing her approximately seven more times in the face and elbow. As a result of the attack, Victim required surgery and hospitalization.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901 and 907(a), respectively.

On July 10, 2019, the Commonwealth filed the criminal complaint. In it, the Commonwealth charged Appellant with attempted murder and PIC, as well as aggravated assault, simple assault, and recklessly endangering another person. The complaint stated that Appellant "attempted to cause the death of [Victim] by stabbing her multiple times with a knife in the neck, face and body thereby causing injury including a collapsed lung." (Complaint, dated 7/10/19, at 1). On September 25, 2019, the Commonwealth filed the criminal information. Again, the Commonwealth charged Appellant with multiple offense including attempted murder, PIC, and aggravated assault. Regarding the charge of aggravated assault, the Commonwealth alleged that Appellant "[a]ttempted to cause serious bodily injury" to Victim.[2] (Information, filed 9/25/19, at 1).

On June 2, 2021, Appellant executed a written guilty plea colloquy. The written colloquy indicated that Appellant would enter an open guilty plea to attempted murder and PIC, and the Commonwealth would drop the remaining charges. For attempted murder, graded as a first-degree felony, Appellant acknowledged that he could receive a sentence of up to twenty (20) to forty

---

[2] "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

(40) years' imprisonment.[3]  For PIC, graded as a first-degree misdemeanor, Appellant acknowledged that he could receive a sentence of up to two and one-half (2½) to five (5) years' imprisonment.  Thus, Appellant recognized that he faced possible sentencing exposure of twenty-two and one-half (22½) to forty-five (45) years' imprisonment.  (***See*** Written Colloquy, dated 6/2/21, at 1).

Also on June 2, 2021, the court conducted an oral colloquy at the plea hearing.  At that time, Appellant confirmed that the court could impose "a maximum jail sentence of 45 years[.]"  (N.T. Plea Hearing, 6/2/21, at 7). Thereafter, the prosecutor provided the following factual basis for the plea:

> On July 6th of 2019, near the area of 5933 Washington Avenue, in the city and county of Philadelphia, [Appellant] attempted to cause the death of [Victim] by stabbing her multiple times with a knife on her neck, face and left elbow, once she tried to end their then year-long relationship.
>
> On that day, [Appellant] kept asking [Victim], "This is it?" as she tried to walk away from him, and then proceeded to punch her twice in the face, and then began to stab and twist a knife in her neck.  [Appellant] continued to stab her approximately seven more times as [Victim] lay on the ground.
>
> [Victim] was rushed to Presbyterian Hospital, once police arrived on scene, and she required surgery to treat her multiple stab wounds.  She remained in the hospital for four days, from July 6th of 2019 to July 10th of 2019.

---

[3] The statutory maximum sentence for attempted murder "where serious bodily injury results" is forty years.  18 Pa.C.S.A. § 1102(c).  "Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years." ***Id.***

(***Id.*** at 12-13). Appellant did not object to or dispute the factual basis provided by the Commonwealth. Thereafter, the court accepted Appellant's plea and deferred sentencing to obtain a presentence investigation ("PSI") report. (***See id.*** at 13).

With the benefit of the PSI report, the court conducted Appellant's sentencing hearing on September 29, 2021. At the conclusion of the hearing, the court sentenced Appellant to eleven (11) to twenty-five (25) years' imprisonment for attempted murder, plus a concurrent term of two and one-half (2½) to five (5) years' imprisonment for PIC. Appellant timely filed a post-sentence motion on October 8, 2021, which challenged the discretionary aspects of his sentence. The court denied the post-sentence motion on October 22, 2021. Appellant did not file a notice of appeal.

On November 29, 2021, Appellant requested reinstatement of his appellate rights *nunc pro tunc*. The court granted relief on May 12, 2022. Appellant timely filed a notice of appeal *nunc pro tunc* on June 11, 2022. On June 13, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on June 22, 2022.

Appellant now raises one issue for this Court's review:

> Whether or not the trial court erred by sentencing Appellant to a sentence greater than the lawful maximum.

(Appellant's Brief at 2) (unnumbered).

- 4 -

Appellant cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that facts increasing a maximum sentence must be admitted by the defendant or found by a jury beyond a reasonable doubt. Appellant invokes *Apprendi* because the Commonwealth did not specifically charge him with attempted murder "causing 'serious bodily injury,' which is what triggers the maximum sentence of 40 years." (*Id.* at 3). To satisfy *Apprendi*, Appellant argues that "a defendant must be charged with causing serious bodily injury or at least be 'on notice that the Commonwealth sought either to prove that a serious bodily injury resulted from the attempted murder or to invoke the greater maximum sentence.'" (*Id.*) (quoting *Commonwealth v. Johnson*, 910 A.2d 60, 67 (Pa.Super. 2006), *appeal denied*, 592 Pa. 766, 923 A.2d 1173 (2007)). Because the criminal complaint in the instant case did not use the phrase "serious bodily injury" in conjunction with the attempted murder charge, Appellant insists that he did not receive proper notice of the Commonwealth's intent to pursue a forty-year maximum sentence. Appellant concludes that this Court must vacate his judgment of sentence and remand the matter for resentencing. We disagree.

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." ***Commonwealth v.***

*Infante*, 63 A.3d 358, 363 (Pa.Super. 2013). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa.Super. 2019).

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

***Infante, supra*** at 363 (internal citations and quotation marks omitted).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Apprendi, supra*** at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at ___.

> [I]n ***Blakely v. Washington***, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court clarified its holding in ***Apprendi*** by indicating that, at sentencing, the trial court may not make judicial determinations concerning material facts not charged and never placed before the factfinder. This Court recently noted that ***Apprendi*** does **not** suggest that it is impermissible for a trial judge to impose sentence **within** the applicable statutory maximum. ***Commonwealth v. Bromley***, 2004 PA Super 422, 6, 862 A.2d 598 (filed October 29, 2004) (quoting ***Apprendi***, 530 U.S. at 481, 120 S.Ct. 2348). We also noted that it is inconsistent with the federal constitution for a sentencing court to impose a sentence predicated on facts not found by a jury, when a jury trial has been conducted in the matter.

*Commonwealth v. Reid*, 867 A.2d 1280, 1281-82 (Pa.Super. 2005), *appeal denied*, 586 Pa. 725, 890 A.2d 1058 (2005) (emphasis in original).

Nevertheless, "[t]he question that must be asked when … a defendant … elects to enter a guilty plea, or a *nolo contendere* plea, is whether either the information or the complaint contains references that imply the existence of a factor that affects the severity of the sentence." *Id.* at 1283.

> In *Johnson, supra*, the defendant fired a gun at the victim's head and missed.  After firing several more shots, Johnson struck the victim in the heel of her foot.  A jury convicted Johnson of attempted murder and aggravated assault, among other crimes.  The court imposed an enhanced sentence of 17½ to 40 years' imprisonment for the attempted murder conviction, reasoning that the jury's finding of serious bodily injury associated with the aggravated assault conviction also established serious bodily injury for the attempted murder conviction.  On appeal, Johnson contested the 40-year maximum sentence as illegal, because the Commonwealth failed to prove that the victim suffered serious bodily injury in connection with the attempted murder conviction.
>
> In keeping with *Apprendi, supra*, this Court said: "[I]t was not the prerogative of the trial court, but solely the responsibility of the jury…to find, beyond reasonable doubt, whether a serious bodily injury resulted from the instant attempted murder." *Johnson, supra* at 67.  In arriving at its decision, this Court emphasized the Commonwealth: (1) had not charged Johnson with attempted murder/serious bodily injury; (2) **had not put Johnson on notice that the Commonwealth would try to prove attempted murder/serious bodily injury**; (3) did not prosecute Johnson for attempted murder/serious bodily injury; (4) did not request and the court did not instruct the jury on serious bodily injury associated with the attempted murder offense; and (5) did not ask the jury to render a verdict on that question.  The *Johnson* Court concluded the jury verdict was limited to a finding of guilty on the crime of attempted

murder generally, which carried a maximum sentence of only 20 years.

***Commonwealth v. Bickerstaff***, 204 A.3d 988, 996-97 (Pa.Super. 2019), *appeal denied*, 655 Pa. 509, 218 A.3d 862 (2019) (emphasis added).

***Compare Reid, supra*** (holding that forty-year maximum sentence for attempted homicide was not illegal under ***Apprendi*** where: 1) defendant did not proceed to jury trial; 2) defendant entered *nolo contendere* plea after prosecutor provided facts that would be proven to jury, including fact that victim was stabbed eleven times and her throat was slashed; 3) defendant did not contest prosecutor's summary of facts, which indicated that victim suffered serious bodily injury; and 4) defendant explicitly acknowledged that he could be sentenced to maximum term of forty years).

Instantly, the court determined that the Commonwealth provided ample notice of its intent to prove serious bodily injury and pursue a forty-year maximum sentence:

> First, the [affidavit of probable cause] against [Appellant] avers that he stabbed [Victim] "in [the] neck and dug it around really deep," in addition to stabbing her seven more times, including her torso, resulting in a "collapsed left lung." The [affidavit of probable cause] further avers that [Victim] was "bleeding heavily from the neck" and due to the "severity of her injuries," police did not wait for an ambulance but immediately transported her to the hospital for life-saving treatment. While the [affidavit of probable cause and criminal complaint do] not use the phrase "serious bodily injury," it is beyond cavil that a collapsed lung by itself is a serious bodily injury, never mind the massive stab wound to the neck which would have caused [Victim] to bleed out but for emergency police rescue.

> Moreover, the Information in this case charged [Appellant] not just with attempted murder, but also with aggravated assault, explicitly for "attempt[ing] to cause serious bodily injury to another."  That this lesser included offense[2] ultimately was *nolle prossed* due to [Appellant's] guilty plea does not "unring the bell."  Simply put, [Appellant] was on explicit notice of "serious bodily injury."
>
> > [2] *See Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994) (holding aggravated assault is a lesser included offense of attempted murder).
>
> Additionally, at the preliminary hearing, [Victim] testified in detail regarding the serious bodily injuries she sustained from [Appellant's] attack.  Among other injuries, she testified that [Appellant] stabbed her several times in the left torso, causing her to suffer a collapsed lung, requiring emergency surgery.
>
> [Victim] further testified that [Appellant] stabbed her several times in the neck, and even after she was down, he stabbed her once more in the neck and twisted the knife to increase the likelihood of death[.]
>
> *      *      *
>
> If the foregoing were not enough, [Appellant's] written guilty plea colloquy explicitly states that he is entering a guilty plea to attempted murder with a permissible range of sentence of "20-40" years, which [Appellant] endorsed via signature.  [Appellant] further acknowledged, "I know I can go to jail for up to 22½-45 years and be fined $35,000 for the crimes [of attempted murder and PIC] I committed."
>
> Finally, at his guilty plea hearing, [Appellant] again confirmed his awareness that he was facing the greater sentence for attempted murder[.]

(Trial Court Opinion, filed 9/20/22, at 5-7) (internal emphasis and record citations omitted).

Our research confirms the court's conclusions, and we emphasize that

- 9 -

the record does not support Appellant's argument regarding improper notice of the possibility of a forty-year maximum sentence for attempted murder. *See Reid, supra*. Because statutory authorization exists to support the sentence imposed, we conclude that Appellant's sentence is legal. *See Infante, supra*; 18 Pa.C.S.A. § 1102(c). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023

- 10 -